OPINION
Thomas Spitler appeals from a judgment of the Darke County Court of Common Pleas, which found in favor of his former spouse, Kathy Spitler, on her Civ. R. 60(B) motion for relief from judgment. He also appeals the trial court's decision overruling his motion for modification of spousal support.
The facts and procedural history pertinent to this appeal are as follows.
The parties were divorced by decree entered by the Darke County Court of Common Pleas on July 29, 1997. Pursuant to the decree, Thomas Spitler was required to pay spousal support to Kathy Spitler in the sum of $450 per month for a period of seven years. He was also required to pay child support. The decree also awarded the family business to Thomas Spitler. Pursuant to this division of property, Thomas Spitler received $24,343 more in marital assets than did Kathy Spitler. In an effort to balance the inequity, the trial court ordered Thomas Spitler to pay Kathy Spitler the sum of $12,171.50, which represents one-half of the value of his excess award. The trial court then went on to order the sale of the marital residence and further recommended that the excess award be remedied by awarding the first $12,171.50 in proceeds from the sale to Kathy Spitler and then awarding to each party one-half of any remaining funds.
On June 30, 1998, Thomas Spitler filed a motion for modification of his spousal and child support obligations. Afterwards, on July 13, 1998 Kathy Spitler filed a motion for relief from judgment pursuant to Civ. R. 60(B)(1) and (5). In her motion, Kathy Spitler argued that when the residence was sold, one-half of the net value belonged to each party. She argued that of the $12,171.50 she received from the sale, $6,085.75 belonged to Thomas Spitler and $6,085.74 belonged to her. Therefore, she claimed that she only netted one-half of the value she was entitled to receive as compensation for her share of the family business.
A hearing on the motions was held before the magistrate. The parties agreed to a modification of child support. The magistrate issued a decision denying Thomas Spitler's motion to modify spousal support on the basis that there had been no reservation of jurisdiction by the trial court on the issue of support. The magistrate also granted Kathy Spitler's motion and ordered Thomas Spitler to pay her the sum of $6,085.75.
Thomas Spitler filed timely objections to the magistrate's decision that were overruled by the trial court. From this judgment, Thomas Spitler appeals.
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT APPELLEE'S CIVIL RULE 60(B) MOTION WAS FILED WITHIN A REASONABLE TIME.
Thomas Spitler contends that the trial court should not have granted Kathy Spitler's Civ. R. 60(B) motion because it was not timely filed.
Civ. R. 60(B) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
To prevail on a motion made pursuant to Civ. R. 60(B), the movant must demonstrate that (1) she has a meritorious claim to present; (2) she is entitled to relief under one of the grounds set forth in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after judgment was entered. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Courts have repeatedly held that the "reasonable time" requirement of Civ. R. 60(B) can shorten the one-year time limitation. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 106.
This court has recognized that Civ. R. 60(B) is a remedial rule that must be liberally construed in order to effect a just result. Wayne Mut. Ins. Co. v. Marlow (June 5, 1998), Montgomery App. No. 16882, unreported, citing Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 21. Furthermore, the granting of a Civ. R. 60(B) motion will not be disturbed on appeal absent an abuse of discretion. Glendale Fed. Bank v. Brown (Dec. 31, 1998), Montgomery App. No. 17068, unreported. An abuse of discretion connotes more than an error of law or judgment; it implies that a judgment is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Thomas Spitler does not contend that Kathy Spitler's claim lacks merit. Likewise, he does not claim that she is not entitled to the requested relief. Instead, he contends that the trial court abused its discretion by granting the motion because, although filed within one year of the judgment date, it was not filed within a reasonable time. In support, he argues that she failed to state any reasons for the eleven month delay in filing the motion. He also argues that the motion was untimely because it was filed two months after the error was discovered. Finally, he argues that the error, which is described as a "fairly basic mathematical error," should have been discovered sooner.
We first address the claim that Kathy Spitler failed to advance any reason for the delay in the filing. Thomas Spitler correctly argues that Ohio courts have held that a movant must present evidence explaining any delay in filing a Civ. R. 60(B) motion. Haendiges v. Widenmeyer Elec. Constr. Co.(1983), 9 Ohio App.3d 37. However, we find that Thomas Spitler did not properly present this issue for the trial court's consideration because he failed, upon filing his objections to the magistrate's decision, to file the transcript of the Civ. R. 60(B) hearing with the trial court as required by Civ. R. 53(E)(3)(b). Therefore, the trial court was unable to evaluate the entire record in order to determine whether Kathy Spitler had failed to state a reason for the delay at the time of the hearing. Accordingly, we cannot say that the trial court abused its discretion by affirming the magistrate's finding that the motion was timely filed. Even had the matter been properly preserved for review, we would find no abuse of discretion. A review of the transcript, which was filed with this court on appeal, supports the magistrate's finding that a reason for the delay was advanced at the time of the hearing. Specifically, the error was not discovered until approximately two months prior the filing of the motion.
Thomas Spitler next contends that the motion was untimely because it was not filed until approximately two months after the discovery of the error. Delay in filing can render Civ. R. 60(B) motions untimely. For example, in Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, the Ohio Supreme Court held that a Civ. R. 60(B)(5) motion was untimely because it had been filed more than two years after the discovery of the error. However, In GMACv. Deskins (1984), 16 Ohio App.3d 132, the court of appeals found that a motion was timely when filed one month after the party had learned of the error. We agree that short delays in filing are not so problematic, and in this case, we conclude that the two month lag between filing the motion and discovering the error does not render the motion untimely.
Finally, we turn to Thomas Spitler's claim that the error should have been discovered sooner. From our review of the decree, we cannot say that the error was so obvious as to be discoverable at first blush. Rather, the language of the decree appears to accomplish the trial court's intent of equal distribution of the parties' marital property. Only upon closer reflection does the error become apparent. Therefore, we conclude that the mere failure to discover the error more promptly did not render the motion untimely.
We conclude that the trial court did not abuse its discretion by finding that the motion was timely filed. Furthermore, Thomas Spitler has failed to allege any prejudice stemming from the trial court's ruling.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN RULING THAT IT HAD NO JURISDICTION TO MODIFY SPOUSAL SUPPORT WHEN IT CONTEMPORANEOUSLY MODIFIED THE PARTIES' DIVISION OF PROPERTY PURSUANT TO A CIVIL RULE 60(B) MOTION.
Thomas Spitler contends that the trial court abused its discretion by failing to modify his spousal support obligation. He argues that when the trial court modified the property division, it rendered the "initial award of spousal support unlawful" because the award of spousal support was based, in part, upon a flawed division of property. A review of the record reveals that the magistrate and trial court intended the decree to divide equally the parties' marital property. Thomas Spitler's spousal support obligation was then predicated, in part, upon the intended equal division. The order granting the Civ. R. 60(B) motion merely achieved the intent of the original decree. Therefore, it cannot be argued that the award of spousal support was affected by the trial court's order requiring Thomas Spitler to pay $6,085.75 to Kathy Spitler.
Even if the trial court's order had the effect of revising the original decree, rather than merely accomplishing its goal, the award to Kathy Spitler does not constitute such a drastic alteration of the parties' financial circumstances as to render the trial court's decision an abuse of discretion.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Jason R. Aslinger
Paul Wagner
Hon. Jonathan P. Hein