HAENDIGES, APPELLANT, *v.*
WIDENMEYER ELECTRIC CONSTRUCTION
COMPANY, APPELLEE.

(No. 1189—Decided March 23, 1983.)

*Mr. Leonard P. Gilbert,* for appellant.
*Mr. Robert F. Linton,* for appellee.

GEORGE, J. On June 23, 1975, appellant, Roger M. Haendiges, filed a complaint seeking a declaratory judgment as to the validity and enforceability of a mechanic's lien held by appellee, Widenmeyer Electric Construction Company. On January 7, 1977, the trial court found appellee's mechanic's lien to be valid and awarded appellee the unpaid balance due in accordance with the lien.

On April 21, 1982, appellant motioned the trial court for relief from judgment, or, in the alternative, an entry nunc pro tunc under Civ. R. 60. The motion was denied.

Appellant has presented three assignments of error.

"I. The trial court's final judgment, addressed to the issues of the action, is unclear, erroneous and absolutely void in part.

"II. The trial court abused its discretion, to the prejudice of the appellant

herein, when it failed and refused to cure the apparent defect in its judgment and final order.

"III. The trial court acted without due process of law in effecting an in personam judgment upon a complaint for declaration to which an answer was filed, and in which trial, no party therein requested personal judgment."

The assignments of error are collateral to one another. All errors claimed arise from the trial court's denial of appellant's motion under Civ. R. 60. Appellant's second assignment of error is discussed first.

In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86], paragraph two of the syllabus, the court outlined the procedure to be followed in seeking relief under Civ. R. 60(B):

"To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) *the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."* (Emphasis added.)

The burden is upon appellant to demonstrate the above-stated criteria have been met. The record discloses that there was a failure to satisfy the "reasonable time" requirement. In *Blasco v. Mislik* (1982), 69 Ohio St. 2d 684, 686 [23 O.O.3d 684], the Supreme Court held that a lapse of nearly two years does not constitute a "reasonable time" within which to seek Civ. R. 60(B) relief, absent unusual circumstances.

Here the trial court found the motion for relief from judgment to be untimely. Appellant waited more than five years before filing a motion for relief from judgment and, further, did not present any grounds excusing the five-year delay.

Since appellant failed to demonstrate that relief under Civ. R. 60 was sought within a reasonable time, or that unusual circumstances excused the delay, he has not met the procedural requirements of the rule. Laches may defeat an otherwise valid motion to vacate. 32A Ohio Jurisprudence 2d 133, Judgments, Section 594. Appellant failed to raise any objection to the judgment in the preceding five years and, further, failed to give any explanation for the extended delay. Where, as here, appellant knew of the judgment against him and failed to exercise due diligence in seeking relief from the judgment, laches may bar the action. Additionally, appellant's lack of due diligence prevented appellee from recovering on a judgment rendered in its favor, as well as requiring appellee to oppose an untimely Civ. R. 60(B) motion.

The integrity of the judicial system rests upon the conclusiveness and finality of judgments. The parties to an adversary proceeding must be able to rely upon the judgment once it has been entered or, at the very least, have timely notice of appeal.

Appellant's challenge to the correctness of the trial court's decision and judgment is not appropriate for a Civ. R. 60(B) motion for relief from judgment and cannot be used to side-step the authorized procedure for review. In *Blasco, supra,* at page 686, the court condemned such practice as an impermissive substitute for a direct appeal:

"These contentions merely challenge the correctness of the court's decision on the merits and could have been raised on appeal. Rule 60(B) relief, however, is not available as a substitute for appeal, see *Colley v. Bazell, supra* [(1980), 64 Ohio St. 2d 243], nor can the rule be used to circumvent or extend the time requirements for filing an appeal. *Town & Country Drive-In Shopping Centers, Inc.* v. *Abraham* (1975), 46 Ohio App. 2d 262, 266 [75 O.O.2d 416]. * * *"

This court, therefore, cannot conclude

that the motion for relief from judgment, or, in the alternative, an entry nunc pro tunc, was made within a reasonable time. The trial court did not abuse its discretion by denying the motion. Accordingly, appellant's second assignment of error is overruled.

Appellant, in his first and third assignments of error, alleges that the 1977 judgment rendered by the trial court was a nullity. The record indicates that the trial court had jurisdiction over the parties and the subject matter. This court holds that the judgment rendered was not void, but, to the extent that it was erroneous, voidable. Assignments of error one and three are overruled. The trial court's judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.