MALATESTA et al., Appellants,

v.

SHARON TOWNSHIP TRUSTEES et al., Appellees.

[Cite as *Malatesta v. Sharon Twp. Trustees* (1993), 87 Ohio App.3d 719.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–82.

Decided May 18, 1993.

---

*James R. Nein* and *Brian W. Harter,* for appellants.

*Squire, Sanders & Dempsey, Michael J. Hickey, Kathryn F. Brown* and *Richard Goldberg,* for appellees.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Brad Malatesta, appellant, from the January 4, 1993 entry of the Franklin County Court of Common Pleas which granted defendants-appellees' motion to dismiss. On appeal, appellant sets forth the following assignment of error:

"The trial court erred in granting Defendant's Motion To Dismiss and in specifically finding that Plaintiff's action was untimely filed pursuant to R.C. Section 2305.10, when Plaintiffs had acted in strict compliance with the existing, applicable limitations available to them in regard to filing and refiling their complaint."

The facts of this case are as follows: on or about January 3, 1990, appellant responded to a fire at the Worthington Garden apartments in Columbus, Ohio. Appellant's breathing apparatus and communication equipment allegedly failed to properly function. As a result, appellant sustained injuries and filed a complaint on January 3, 1991, within the one-year statute of limitations that was provided for in R.C. 4121.80. On or about February 20, 1991, appellant voluntarily dismissed his complaint, without prejudice, pursuant to Civ.R. 41(A)(1). Appellant's voluntary dismissal, at that point in time, met the requirements of R.C. 2305.19, which provides:

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

It is not disputed that appellant had timely commenced an action against appellee. Furthermore, appellant's voluntary dismissal on February 20, 1991 was "otherwise than upon the merits," and was filed after the one-year statute of limitations had expired. Accordingly, appellant was clearly within the provisions of the savings clause provided for in R.C. 2305.19.

However, on August 27, 1991, the Ohio Supreme Court decided *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 576 N.E.2d 722, wherein the court held that R.C. 4121.80 was unconstitutional *in toto*.[1] Accordingly, the one-year statute of limitations provided for in R.C. 4121.80 was also, in effect, declared unconstitutional. As a result, R.C. 2305.10 is the statute of limitations to be applied to an intentional tort action against an employer. R.C. 2305.10 provides for a two-year statute of limitations. Thus, in the instant action, the two-year statute of limitations for filing a complaint would end on January 3, 1992. Appellant refiled his complaint on February 18, 1992, which was within one year of the voluntary dismissal pursuant to Civ.R. 41. However, this refiling was after the January 3, 1992 deadline pursuant to the two-year statute of limitations found in R.C. 2305.10.

Parties seeking refuge under R.C. 2305.19 must meet the following requirements:

" * * * The first one of these is either the commencement or the attempted commencement of the action before the expiration of the statutory limitations period for such actions. The second is a failure otherwise than upon the merits. See *DiCello v. Palmer* (Feb. 12, 1980), Franklin App. No. 79AP–402, unreported,

---

1. It should be noted that the Ohio Supreme Court's decision in *Brady, supra,* was not immediately published. The decision was published in the Ohio Official Reports Advance Sheets' and the Ohio Bar Association Report's September 16, 1991 issue.

at 3. * * *" *Branscom v. Birtcher* (1988), 55 Ohio App.3d 242, 243, 563 N.E.2d 731, 733.

It is undisputed that appellant timely commenced his first action on January 3, 1991. Thereafter, appellant voluntarily dismissed his complaint on February 20, 1991. A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes "a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19." *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. See, also, *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 527 N.E.2d 858; *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 23 O.O.3d 232, 431 N.E.2d 660. Therefore, appellant has met the requirements articulated in *Branscom, supra.* However, R.C. 2305.19 also contains the following language: "and the *time limited for the commencement of such action* at the date of reversal or failure *has expired* * * *." (Emphasis added.) The language of the statute itself requires that the statute of limitations must have run in order for a party to avail himself of the savings statute. Therefore, a party who voluntarily dismisses an action before the applicable statute of limitations has run cannot find refuge in the savings statute. The Court of Appeals for Cuyahoga County addressed this particular aspect of the savings statute and held that "the savings statute is nonetheless inapplicable to this matter because the action was dismissed approximately eleven months before the limitations period had expired." *Armstrong v. Harp Realty Co.* (1991), 73 Ohio App.3d 292, 295, 596 N.E.2d 1131, 1133. See, also, *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 4, 21 OBR 266, 268, 487 N.E.2d 285, 288. Appellant argues that the applicable statute of limitations is the one-year statute of limitations found in R.C. 4121.80. If R.C. 4121.80 applies, appellant's statute of limitations would have ended on January 3, 1991, one year from the injury. Appellant further contends that the voluntary dismissal filed on February 20, 1991 was proper and timely and he can therefore avail himself of R.C. 2305.19.

Appellees, on the other hand, argue that the two-year statute of limitations pursuant to R.C. 2305.10 applies and that, therefore, appellant filed the voluntary dismissal (February 20, 1991) before the statute of limitations had run (January 3, 1992). Accordingly, appellees argue that the savings statute is inapplicable to the instant action. This court has only been able to find one decision subsequent to *Brady* that addresses the statute to be applied in an action that was pending when the *Brady* case was decided. The Court of Appeals for Ottawa County recently held that R.C. 2305.10 is the appropriate statute to apply in determining the statute of limitations, given the Supreme Court's decision in *Brady.* The court of appeals stated in pertinent part:

"As noted below, however, the Supreme Court of Ohio has declared all of R.C. 4121.80 unconstitutional, *Brady v. Safety–Kleen, infra,* and held that an employer

intentional tort takes a matter outside the workers' compensation statutes. Thus, the statute of limitations to be applied is the same as for any other intentional tort, R.C. 2305.10." *Anderson v. Brush–Wellman, Inc.* (1991), 77 Ohio App.3d 657, 660, 603 N.E.2d 284, 286, fn. 1.

"During the pendency of this matter the Supreme Court of Ohio declared R.C. 4121.80, the workplace intentional tort statute, unconstitutional in its entirety. * * * This decision eliminated the statutory cause of action, leaving only the common-law action delineated in *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572. As discussed above, the applicable time limitations for this cause is found in R.C. 2305.10. * * *" *Id.*, 77 Ohio App.3d at 661, 603 N.E.2d at 286.

Both parties cite many cases involving the retroactive and prospective applications of statutes. However, R.C. 2305.10 is not a new statute recently enacted by the legislature; therefore, a discussion of when a statute can be applied retroactively is not helpful to our decision.[2] Even if we were to assume that applying R.C. 2305.10 is a retroactive application of a statute of limitations, appellant still had a reasonable time in which to refile his complaint. Appellant had approximately three and one-half months in which to refile from the Supreme Court's published decision (Sept. 16, 1991) to the statute of limitations end date (Jan. 3, 1992). Accordingly, appellant was given a reasonable time in which to refile his action within the two-year statute of limitations articulated in R.C. 2305.10.

Appellant also believes that this action should be decided on its merits. He argues that the filing of his complaint, after the statute of limitations had run, was a minor and inadvertent violation of the rules. Appellant cites *Johnson v. Dept. of Mental Retardation & Dev. Disabilities* (1987), 35 Ohio Misc.2d 18, 520 N.E.2d 29, wherein the Court of Claims of Ohio listed several conditions to consider if a minor and inadvertent violation of the rules occurs. See, also, *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644. However, the *Johnson* court also emphasized the significant difference between a party's inadvertent violation of a court's procedural rules and the failure to comply with an applicable statute of limitations. The court stated that, in the latter situation, an action should be dismissed.

Accordingly, we find that the applicable statute of limitations to the instant action is the two-year statute of limitations provided for in R.C. 2305.10. Therefore, appellant's voluntary dismissal was untimely as it was filed before the statute of limitations had run. Appellant had a reasonable amount of time in which to refile his complaint before January 3, 1992. Appellant's complaint filed on February 18, 1992, was not timely and the trial court properly granted

---

2. In fact, R.C. 2305.10 was enacted *before* R.C. 4121.80 was enacted.

appellees' motion to dismiss. Accordingly, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DESHLER and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.