ARMBRUST et al., Appellants,

v.

UNITED TELEPHONE COMPANY OF OHIO, INC. et al., Appellees.

[Cite as *Armbrust v. United Tel. Co. of Ohio, Inc.* (1997), 119 Ohio App.3d 497.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–08–079.

Decided May 19, 1997.

498

*Gianuglou, Dankof, Caras & Skelton* and *Richard S. Skelton*, for appellants.

*Kohnen & Patton, Joseph L. Dilts* and *Timothy E. Rogus*, for appellee, United Telephone Company of Ohio, Inc.

*Strauss & Troy, William K. Flynn* and *Thomas L. Stachler*, for appellee, ADT Security Systems, Mid–South, Inc.

*Rendigs, Fry, Kiely & Dennis* and *Ralph F. Mitchell*, for appellee, Desili Enterprises.

KOEHLER, Judge.

Plaintiffs-appellants, Robert M. and Maureen Armbrust, appeal from a grant of summary judgment in favor of defendants-appellees, United Telephone Company of Ohio, Inc.; A.D.T. Security Systems, Inc.; and Desili Enterprises, Inc., d.b.a. Burger King, in the Warren County Court of Common Pleas. We affirm.

Appellants filed a complaint for personal injury after Robert Armbrust ("Armbrust") received an electric shock while using the public telephone at a Lebanon, Ohio Burger King on April 14, 1993. Each of the three appellees filed cross-claims against the other two, claiming secondary liability should Armbrust be found to have sustained injury, with any damages awarded subject to the right of contribution or chargeable to the other appellees.

Appellants voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41(A)(1)(a) on April 10, 1995, four days prior to the expiration of the R.C. 2305.10 limitations period.[1] Appellants subsequently refiled their complaint on April 9, 1996, nearly one year after the statute of limitations had expired.

Appellees filed motions to dismiss appellants' second complaint as barred by the statute of limitations. The motions were treated by the trial court as motions for summary judgement pursuant to Civ.R. 12(B) and were granted. In their appeal, appellants raise the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred by granting summary judgment when plaintiffs' complaint was timely filed pursuant to R.C. 2305.131."

"Assignment of Error No. 2:

"Plaintiffs' complaint is not barred by the statute of limitations."

Appellate review of summary judgment requires that if reasonable minds can come to differing conclusions after construing the facts in a light most favorable to the nonmoving party, summary judgment should be denied. *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48. The moving party must establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Id.* The nonmoving party may not simply rely on the allegations of his pleading, but must affirmatively set forth specific facts showing a genuine issue for trial. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802.

---

1. R.C. 2305.10 provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Appellants argue in their first assignment of error that R.C. 2305.131, a ten-year statute of repose relating to improvements to real property, applies as a statute of limitations in this case.[2] Appellants' first assignment of error is rendered moot by the ruling of the Ohio Supreme Court in *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 639 N.E.2d 425. In paragraph two of the syllabus, the court states:

"R.C. 2305.131, a statute of repose, violates the right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution, and is, thus, unconstitutional."

Accordingly, appellants' first assignment of error is overruled.

Appellants argue in their second assignment of error that although their voluntary dismissal was filed four days prior to the expiration of the two-year statute of limitations, appellees' cross-claims were still in existence after the statute ran. Appellants contend that as a result, the R.C. 2305.19 savings statute afforded appellants one year to refile from the time appellees filed notice of the voluntary dismissal of their cross-claims on April 27, 1995.

R.C. 2305.19 provides:

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."

A Civ.R. 41(A)(1) voluntary dismissal is a failure otherwise than upon the merits. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. R.C. 2305.19 on its face, however, is not applicable to an action dismissed before the statute of limitations has run. A party who voluntarily dismisses an action before the limitations period expires, therefore, cannot take advantage of the savings statute. *Malatesta v. Sharon Twp. Trustees* (1993), 87 Ohio App.3d 719, 722, 622 N.E.2d 1163, 1165.

A notice of voluntary dismissal terminates the case upon filing of the notice and requires no further action by the court. *Gardner v. Gleydura* (1994), 98 Ohio App.3d 277, 279, 648 N.E.2d 537, 538–539. The pendency of appellees' cross-claims in this case did not affect the dismissal of appellant's complaint and became moot once the underlying claim was dismissed. See *Wise v. Gursky*

---

**2.** A statute of repose is an absolute bar to a cause of action filed after the specified time period, regardless of when the action accrued. *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 290, 28 OBR 346, 363, 503 N.E.2d 717, 733, fn. 17 (Douglas, J., concurring). In contrast, a statute of limitations governs the time within which an action may be filed after it accrues. *Id.* Thus, if a statute of repose and a statute of limitation are applicable to a cause of action, the action must not only be filed within the period of repose, but also within the specified limitation period after the action accrues.

(1981), 66 Ohio St.2d 241, 243, 20 O.O.3d 233, 234–235, 421 N.E.2d 150, 151–152. Appellants' second assignment of error is overruled.

Appellants are conclusively presumed to be aware of the requirements of the Civil Rules under which they chose to proceed. Since the savings statute is not applicable to appellants' refiling and the second complaint was filed outside of the applicable statute of limitations, the action is barred as a matter of law. The trial court therefore properly entered summary judgments for appellees in this case. See *Harless,* 54 Ohio St.2d at 66, 8 O.O.3d at 74, 375 N.E.2d at 47–48. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.