[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Jan Richards filed a complaint against appellee Mary Kropp, alleging that Richards had suffered personal injuries when Kropp negligently operated her vehicle and rear-ended Richard's vehicle. Kropp filed a motion to dismiss Richards's complaint, contending that the statute of limitations for bodily injury barred Richards's claim. The trial court dismissed the complaint, concluding that it had been filed out of time and that R.C. 2305.19, the savings statute, was inapplicable. Richards appeals that trial court's decision and raises one assignment of error, arguing that the trial court erred as a matter of law.
It is undisputed that the accident between Richards and Kropp occurred on or about July 3, 1996. Richards initially filed a complaint that she later dismissed on March 30, 1998, under Civ.R. 41(A)(1). She refiled her complaint on March 1, 1999. Neither party disputes that the date on which the complaint was refiled was beyond the two-year period of limitations for actions involving bodily injury.[1] Richards argues, however, that her claim should not be barred because the savings statute should be applied.
The saving statute states that "[i]n an action commenced, or attempted to be commenced, * * * [when] the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."[2] By its very language, "[t]he savings statute can only be utilized to refile a case that was dismissed other than on the merits when the statute of limitations has expired."[3]
A voluntary dismissal under Civ.R. 41(A)(1) is a failure otherwise than on the merits.[4] But the dismissal (or failure) in this case occurred before the limitations period had expired. Thus, R.C. 2305.19 is inapplicable to Richards's action.
Richards also argues that the savings statute violates the equal protection requirements of the Ohio and United States Constitutions. This issue was not raised below, and we decline to review it on appeal.[5]
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 ________________ PRESIDING JUDGE HILDEBRANDT
[1] See R.C. 2305.10.
[2] R.C. 2305.19.
[3] Thomas v. Freeman (1997), 79 Ohio St.3d 221, 224,680 N.E.2d 997, 1000.
[4] See Armbrust v. United Telephone Co. of Ohio (1997),119 Ohio App.3d 497, 499, 695 N.E.2d 823, 825.
[5] See Mariemont v. Valentine (Nov. 2, 1988), Hamilton App. No. C-870440, unreported.