DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Adams County Court of Common Pleas granting appellee's motion for judgment on the pleadings under Civ.R. 12(C) in a personal injury case.
On March 16, 1997, Debra Ann Jones McAdow and her daughter Desiree Hoop (appellants) were traveling on State Route 247 in Adams County, Ohio when their vehicle veered to the right of center, struck a guardrail and overturned. Appellants suffered various injuries and claim that appellee caused their vehicle to veer right of center by cutting off their path of travel. Appellants filed their original complaint against appellee on August 13, 1997. The original complaint was dismissed without prejudice on August 28, 1998. On August 27, 1999, appellants filed their current complaint. Appellee filed an answer and a motion to dismiss under Civ.R. 12(C) for judgment on the pleadings. The trial court granted the Civ.R. 12(C) motion on the basis that the statute of limitations for filing the claim had expired. Appellants filed a timely notice of appeal raising one assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS."
Under Civ.R. 12(C), a dismissal is appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true; and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV,Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. Thus, a Civ.R. 12(C) motion cannot be granted unless there are no disputes of material fact and the movant is entitled to judgment as a matter of law. Id. We independently review the motion as a matter of law to determine if it was properly granted. Midwest Pride,supra; Paterson v. Teodosio (1973), 34 Ohio St.2d 161.
In Ohio, there is a two-year statute of limitations for personal injury claims. R.C. 2305.10. The incident giving rise to this cause of action occurred on March 16, 1997. Appellants filed their original complaint within the two-year period on August 13, 1997; however, the complaint was dismissed without prejudice on August 28, 1998. The two-year statute of limitations expired approximately seven months afterward on March 16, 1999. Appellant's filed their current complaint on August 27, 1999.
The first issue presented for our review is whether appellants' complaint is timely under R.C. 2305.19, the savings statute, when the original complaint was voluntarily dismissed prior to expiration of the applicable statute of limitations. R.C. 2305.19
states, in part:
 "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *" (Emphasis added).
The record shows that appellants' original complaint was dismissed without prejudice under Civ.R. 41(A) prior to the running of the statute of limitations. A voluntary dismissal under Civ.R. 41(A)(1) is a failure "otherwise than upon the merits" under R.C. 2305.19. See Frysinger v.Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus. However, it is well settled that R.C. 2305.19 is not applicable to an action that is dismissed before the statute of limitations has run. SeeLewis v. Conner (1985), 21 Ohio St.3d 1, 4; Reese v. Ohio StateUniv. Hosp. (1983), 6 Ohio St.3d 162, 163; Armbrust v. United Tel.Co. of Ohio (1997), 119 Ohio App.3d 497, 500. The plain language of the statute indicates that if a plaintiff voluntarily dismisses an action before the statute of limitations has run, that party cannot rely on the savings statute to re-file the complaint after the statute of limitations has expired. See Armbrust, supra, citing Malatesta v. Sharon Twp.Trustees (1993), 87 Ohio App.3d 719, 722.
The appellants argue that even if the savings statute does not apply to their negligence claim, the statute would apply to claims for assault or battery, which have one-year statutes of limitations under R.C.2305.111. They argue that both their original and current complaints state a claim for assault or battery; that the original complaint was voluntarily dismissed after the expiration of the statute of limitations for an assault or battery; and thus the current complaint was timely under R.C. 2305.19. We do not agree.
Appellants' original complaint is not included in the appellate record before us. Nevertheless, even if the original complaint in this case did state a claim for assault or battery, we would still find this argument meritless. Appellants' current complaint does not state a claim for assault or battery; it is a negligence claim. Appellants averred that appellee intentionally fled the scene of the accident to avoid detection of his "negligent, willful, wanton, grossly negligent, reckless, [and] malicious conduct." There is no allegation that appellee intentionally struck appellants' vehicle, or that he cut them off in an attempt to hit them or frighten them. Construing the pleadings in favor of the appellants, we conclude that assault and battery were not theories of recovery in their current complaint, and that R.C.2305.19 does not apply to "save" appellants' cause of action.
Next, appellant Desiree Hoop argues that the trial court erred in granting the Civ.R. 12(C) motion because she is a minor, and the statute of limitations does not begin to run on her claim until she is eighteen years of age. Desiree Hoop's minority was not pled in the current complaint as required by Civ.R. 8(H), which states:
 "Every pleading or motion made by or on behalf of a minor or an incompetent shall set forth such fact unless the fact of minority or incompetency has been disclosed in a prior pleading or motion in the same action or proceeding."
Moreover, she did not seek to amend the complaint at any time. In deciding a motion for judgment on the pleadings, the court is confined to the complaint averments unaided by affidavits or other extrinsic evidence. Peterson, supra. Because Desiree Hoop did not plead her minority, a fact that would toll the statute of limitations, we find that the trial court did not err in granting appellee's Civ.R. 12(C) motion for judgment on the pleadings as to her claim.
Finally, appellants argue that R.C. 2305.19 is unconstitutional as applied by the trial court. Specifically, appellants contend that the savings statute violates their rights of equal protection. In reviewing a constitutional challenge to a statute based on a violation of the right to equal protection, we first examine the purported class distinction to decide if a suspect class or fundamental right is involved. Adamsky v. Buckeye LocalSchool Dist. (1995), 73 Ohio St.3d 360. In the absence of a suspect class or fundamental right, legislative distinctions are valid if there is a rational basis for the unequal treatment of different groups. Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,353.
Appellants appear to argue that the savings statute involves a fundamental right to trial by jury. The right to trial by jury in a negligence and personal injury action is a fundamental right under the Ohio Constitution. See Sorrell v. Thevenir (1994),69 Ohio St.3d 415, 422. However, the distinction in the savings statute based on the timing of a dismissal does not impermissibly deny the right to trial by jury in this case. The record shows that appellants' original complaint was dismissed approximately seven months before the statute of limitations expired. But, for whatever reason, the current complaint was not filed until the limitation period had run. We do not see how the savings statute prevented or burdened appellants in filing their current complaint within the time frame provided in R.C. 2305.10 and thus exercising their right to have their case tried before a jury. Therefore, we find that, as applied to appellants, the savings statute does not implicate the fundamental right to trial by jury under an equal protection analysis.[1] Furthermore, appellants do not argue that they are members of a suspect class.
Thus, we proceed under the minimal scrutiny of the rational basis test. Under this test, statutory distinctions which treat similarly situated individuals in a different manner are constitutionally permissible in the context of equal protection if any rational, nonarbitrary and noncapricious reason can support the distinction. See Morris v. Savoy
(1991), 61 Ohio St.3d 684, 711, citing State v. Buckley (1968),16 Ohio St.2d 128. The distinction pointed out by appellants in this case is that the statute applies to those individuals whose complaints are dismissed after the statute of limitations has run on their cause of action; but does not apply to those individuals whose complaints are dismissed before the statute of limitations has run. In essence the appellants contend that distinguishing between litigants based upon when their case was dismissed violates the equal protection clause of the federal and/or state constitutions. This contention is meritless.[2]
The distinction appears straightforward and rational to us. There is no need for an extension of time when a complaint is dismissed before the statute of limitations has run; an individual still has the opportunity to re-file the claim within the statutory period. It is only when a complaint is dismissed after the statute of limitations has expired that the need for a savings statute even arises. Accord Boron v. BrooksBeverage Management, Inc. (June 30, 1999), Franklin App. No. 98AP-902, unreported (holding that "[t]he distinction made by [R.C. 2305.19] is neither arbitrary nor capricious in that it merely distinguishes between those who actually need saving and those who do not.") Having found a rational basis to support the statute, we overrule appellants' constitutional challenge to R.C. 2305.19.
For all the foregoing reasons, the appellants' sole assignment of error is overruled. The trial court's judgment is affirmed.
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________ William H. Harsha, Judge
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] This issue is better addressed under a due process analysis, which we decline to do since appellants failed to make the argument in their brief. See App.R. 16.
[2] The test for determining violations of equal protection is essentially the same under federal and state law. Thus, while appellants have failed to specify which constitution is at issue, this oversight has no impact on the outcome.