DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Highland County Court of Common Pleas, which denied the motion of Plaintiffs-Appellants Michael E. and Karen A. Young. This motion consisted of three alternative requests: (1) to reopen a count in appellants' complaint that appellants voluntarily dismissed; (2) to set aside the judgment pursuant to Civ.R. 60(B)(5); or (3) to grant appellants leave to refile the voluntarily dismissed count of the complaint.
In their appeal to this Court, appellants present two assignments of error. First, they argue that the trial court erred in failing to set aside the judgment or permit appellants to reopen the dismissed count, to refile the dismissed count, or to amend the complaint to include the dismissed count. Second, they argue that the trial court's judgment is impossible to comply with because the property that the trial court ordered to be returned to Defendant-Appellee Spring Valley Sales Division of Stites Enterprises, Inc., has been sold by appellants.
We find appellants' arguments to be without merit and affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
This is the second time issues from the instant matter have been appealed to this Court.[1] In an effort to provide context for the procedural posture and relevant facts in the present appeal, we will briefly revisit the facts and analysis of the previous appeal.
In November 1996, Plaintiffs-Appellants Michael E. and Karen A. Young filed a negligence action against Defendant-Appellee Spring Valley Sales Division of Stites Enterprises, Inc., in the Highland County Court of Common Pleas. Appellants alleged that they bought a mobile home from appellee, and that appellee had negligently installed it on appellants' property. Thus, appellants maintained, appellee had breached their sales contract. Appellants set forth three counts in their complaint: Count One, that appellee's negligence and breach of contract proximately caused the damage to appellants' mobile home; Count Two, that appellee refused to compensate appellants for the damages; and Count Three, that appellants incurred additional damages resulting from the inconvenience of their home being rendered uninhabitable — travel and telephone expenses, insurance expenses, wasted personal and vacation days from their employers, lost personal time, and expenses for "recording the actions of [appellee's] employees."
Appellants, in their complaint, sought judgment for the cost of the mobile home, $25,564, as well as interest.
In April 1997, appellants filed a motion for summary judgment, arguing that: (1) no genuine issue of material fact existed as to whether appellee negligently installed the mobile home, breaching the sales contract; (2) as appellee never fully installed the mobile home, appellee could easily retrieve it; and (3) no genuine issue of material fact would remain in dispute if the trial court ordered appellee to return the purchase price of the destroyed mobile home.
The trial court granted appellants' motion for summary judgment, finding no genuine issue of material fact regarding appellee's liability or damages. However, the trial court held that "This ruling * * * is not intended to apply to [Count Three] of [appellants'] complaint. The issues raised therein shall go forward for trial * * *."
On November 19, 1997, appellants entered a voluntary dismissal of Count Three of their complaint. We note that appellants allege in their brief to this Court that the decision to dismiss Count Three was allegedly strategic in that appellants sought to commence the statutory period for appealing the summary judgment on Counts One and Two.
In May 1998, appellee satisfied the judgment.
In July 1998, appellee filed a Civ.R. 60(B) motion for relief from judgment requesting that the trial court amend its judgment entry to order appellants to allow appellee to retrieve the mobile home from appellants' property at appellee's expense. Otherwise, appellee argued, appellants would be given a windfall in damages: appellants would get damages for the loss of the mobile home while remaining in possession of it.
Meanwhile, appellants allegedly sold the damaged mobile home for $10,000 to a person not a party to this action.
On September 3, 1998, a hearing was held regarding appellee's Civ.R. 60(B) motion. Appellants did not attend this hearing.
On October 2, 1998, the trial court issued its entry granting appellee's Civ.R. 60(B) motion. Thus, the lower court amended the prior judgment entry so as to order appellants to permit appellee to retrieve the (now-allegedly-sold) mobile home from their property at appellee's expense.
On October 28, 1998, twenty-six days after the lower court's entry was filed on appellee's Civ.R. 60(B) motion, and almost two months after the hearing on that motion was held, appellants filed a response to that motion. It was at this time that appellants first made the trial court aware that they had allegedly sold the mobile home.
In June 1999, appellants appealed the trial court's judgment to this Court for the first time.[2] Appellants argued that the lower court abused its discretion in granting appellee's Civ.R. 60(B) motion because the motion substantively amounted to a motion for reconsideration. Further, appellants argued, appellee neither pleaded nor presented evidence that established a right to relief under Civ.R. 60(B).
We disagreed with appellants and affirmed the decision of the lower court. We found that appellee's Civ.R. 60(B) motion did not substantively amount to a motion for reconsideration. Further, we found that appellee fulfilled the necessary requirements to establish its entitlement to relief under Civ.R. 60(B).
Subsequently, appellants appealed our decision to the Supreme Court of Ohio. Again, appellants were denied relief: the Supreme Court of Ohio dismissed the case on the basis that "no substantial constitutional question and discretionary appeals, if applicable, [are] not allowed."Young v. Spring Valley Sales Div. of Stites Ent., Inc.(1999),87 Ohio St.3d 1406, 716 N.E.2d 1168.
On November 5, 1999, appellants filed a motion with the trial court waging three arguments: first, they argued that the voluntarily dismissed Count Three should be reopened in the complaint; second, in the alternative to the first argument, they argued that the judgment should be set aside pursuant to Civ.R. 60(B)(5); third, also in the alternative to the first argument, they argued that they should be granted leave to refile Count Three of the complaint.
Appellants supported these arguments with the rationale that "[they] did not get the relief they expected at the time of the voluntary dismissal * * *," and that, "it would be unfair * * * to take the benefit of the previous judgment away from them when they relied upon it in dismissing [Count Three]."
On May 23, 2000, the trial court issued its entry denying appellants' motion. The trial court grounded its decision on three bases: (1) "by withdrawing [Count Three, appellants] removed it from consideration by the [trial court, thus] the case may not be reopened since [Count Three] is no longer part of the case"; (2) "the requirements for [Civ.R. 60(B)(5)] have not been satisfied and this relief is not available"; and (3) "the time for refiling [Count Three] has long since elapsed and this cannot be granted."
Appellants filed a timely appeal and assigned the following errors for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S [sic] MOTIONS [sic] TO REOPEN COUNT III OF ITS [sic] COMPLAINT OR GRANT LEAVE TO REFILE COUNT III OF ITS [sic] COMPLAINT[.]
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY ORDERING THE PROPERTY OF APPELLANT [sic] TO BE RETURNED TO APPELLEE WHEN THE RECORD REFLECTS THAT THE SAID PROPERTY HAD ALREADY BEEN SOLD THEREBY RENDERING THE ORDER AN IMPOSSIBILITY[.]
ANALYSIS
We address each of appellants' assignments of error seriatim.
 I.
It is not clear precisely what appellants are arguing in their First Assignment of Error. The text of the First Assignment of Error sets forth two arguments: first, that the trial court erred in denying appellants' request for leave to reopen their complaint; and second, that the lower court erred in denying appellants leave to refile their complaint. However, in their argument supporting this assignment of error, appellants launch into a discussion of Civ.R. 60(B) and Civ.R. 15(A), neither of which were mentioned in the First Assignment of Error — never addressing the requests for leave to refile or reopen the complaint.
In the interest of justice, we shall give effect to the substance, rather than the form, of appellants' brief, and analyze the First Assignment of Error as containing four challenges: (1) the failure to set aside the judgment, pursuant to Civ.R. 60(B); (2) the failure to reopen the previously dismissed Count Three of appellants' complaint; (3) the failure to grant appellants leave to refile their complaint to include Count Three; and (4) the failure to grant appellants leave to amend their complaint to include Count Three. We will address each argument in turn. First, however, we will discuss the appropriate standard for reviewing such decisions made by a trial court.
A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court. See Dunkle v. Dunkle (1999),135 Ohio App.3d 669, 735 N.E.2d 469; accord Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. Likewise, a motion for leave to reopen, refile, or amend a complaint is addressed to the sound discretion of the trial court. See Patterson v. V M Auto Body (1992),63 Ohio St.3d 573, 589 N.E.2d 1306; Wilmington Steel Products, Inc. v. Cleveland Electric Illuminating Co. (1991), 60 Ohio St.3d 120,573 N.E.2d 622; Ketcham v. Miller (1922), 104 Ohio St. 372, 136 N.E. 145; Pyle v. Pyle (1983), 11 Ohio App.3d 31, 463 N.E.2d 98.
Thus, a reviewing court should not reverse the ruling of a trial court on such motions absent a demonstrated abuse of discretion.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish an abuse of discretion. See Cox v. Fisher Fazio Foods, Inc. (1984), 13 Ohio App.3d 336,469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." Sinclair v. Sinclair (1954),98 Ohio App. 308, 129 N.E.2d 311. Against this backdrop, we will consider whether the trial court abused its discretion in the case sub judice.
 A.
We begin by addressing appellants' allegation that the lower court erred in denying appellants' Civ.R. 60(B)(5) motion for relief from judgment. Civ.R. 60(B), in relevant part, provides the following.
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *.
Civ.R. 60(B).
"The discretion exercised by the trial court in considering a Civ.R. 60(B) motion is not unbridled."Dunkle v. Dunkle, 135 Ohio App.3d at 669,735 N.E.2d at 469. Rather, the trial court must consider whether the movant adequately demonstrated three requirements for obtaining Civ.R. 60(B) relief:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. Each of these elements must be met. See Strack v. Pelton (1994), 70 Ohio St.3d 172,637 N.E.2d 914. It is the first and second prongs that are at issue in the present case.
Appellants argue, in their brief to this Court, that their motion should have been granted based on multiple provisions of Civ.R. 60(B): "[w]hen perusing Civ.R. 60(B) several clauses stand out to explain its purpose and extent. `Mistake,' `surprise,' `misrepresentation, `a prior judgment upon which it is based has been reversed,' `it is no longer equitable,' and `any other reason justifying relief from judgment,' are all terms applicable to [appellants'] position." Appellants support this contention with absolutely no authority.
However, as appellee pointed out in its brief to this Court, appellants cited to the trial court only the catch-all provision of Civ.R. 60(B)(5) as justification for setting aside the judgment. Thus, appellants cannot request, for the first time on appeal, relief it did not preserve in the record below. See State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, 679 N.E.2d 706; accord Cooper v. City of Dayton (1997), 120 Ohio App.3d 34, 696 N.E.2d 640.
Ironically, however, it is this very argument — that multiple provisions of Civ.R. 60(B) here apply — that leads us to resolve this issue in favor of appellee.
In Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, the Supreme Court of Ohio held that Civ.R. 60(B)(5) is unavailable when other provisions of Civ.R. 60(B) are applicable. "Civ.R. 60(B)(5) applies only when a more specific provision does not apply." Id. at 65, 448 N.E.2d at 1367; accord Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, 705 N.E.2d 318; see Whitt v. Bennett (1992), 82 Ohio App.3d 792, 613 N.E.2d 667 (explaining that only matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5)); Lopez v. Perea (Feb. 7, 2000), Stark App. No. 1999CA00258, unreported; Salmonson v. Copperweld Steel Co. (Mar. 30, 2001), Trumball App. No. 2000-T-0026, unreported.
Here, in appellants' brief to this Court, they assert that other provisions of Civ.R. 60(B) do apply. Thus, appellants, by their own admission, requested relief under the wrong provision of Civ.R. 60(B); Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman, 5 Ohio St.3d at 65, 448 N.E.2d at 1367; see Cuyahoga Support Enforcement Agency v. Guthrie, 84 Ohio St.3d at 439, 705 N.E.2d at 321.
In sum, first, we limit appellants' challenge to relief sought under Civ.R. 60(B)(5), because this is the sole provision upon which they preserved the right to appeal in the court below. Second, we find that appellants are not entitled to relief under the catch-all provision, Civ.R. 60(B)(5), because they could have sought relief under another provision in Civ.R. 60(B), and indeed admitted such in their brief to this Court.
Even if, arguendo, we were to address appellants' argument that they should be entitled to relief under another provision in Civ.R. 60(B), because "it would be unfair * * * to take the benefit of the previous judgment away from them when they relied upon it in dismissing [Count Three]," we find no authority to support this proposition — indeed, appellants' brief is devoid of any legal analysis in this respect, only baseless conclusions are provided. The concern expressed by the Supreme Court of Ohio in Knapp v. Knapp (1986), 24 Ohio St.3d 141,493 N.E.2d 1353, is most appropriate in this case.
[L]itigants, armed with the knowledge that Civ.R. 60[(B)] would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. Judgment winners would be unable to rely on their victories. Those financially able to do so could crush their less affluent adversaries under a pile of Civ.R. 60[(B)] motions. All this would be a subversion of judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation.
Id. at 141, 493 N.E.2d at 1353.
 B.
We next address appellants' allegation that the lower court erred in failing to reopen appellants' complaint to include the previously dismissed Count Three.
After thoroughly reviewing the record, we find no error by the trial court in denying appellants' motion to reopen the case in light of the fact that the matter had been voluntarily dismissed by appellants. See Ketcham v. Miller, 104 Ohio St. at 372, 136 N.E. at 145.
Appellants' brief to this Court lacks even an allusion to an unreasonable, unconscionable, or arbitrary act by the trial court. See Franklin Cty. Sheriff's Dept. v. Serb, 63 Ohio St.3d at 506,589 N.E.2d at 30. In fact, although it is stated in the text of appellants' assignment of error, they failed to even address the issue of the trial court's failure to reopen Count Three — let alone how the trial court abused its discretion — in their brief to this Court.
We are left only to speculate as to appellants' reasoning for presenting an assignment of error to an appellate court devoid of legal argument. See State v. Watson (1998), 126 Ohio App.3d 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413,694 N.E.2d 75 (explaining that an appellate court is empowered to disregard an assignment of error presented for review due to a lack of briefing by the party presenting that error); see, generally, App.R. 16(A) (setting forth the proper appellate-briefing standards).
Moreover, as we previously stated, to permit parties to relitigate the consequences of voluntary, deliberate choices, would be to encourage them to litigate carelessly in the first place. This would undoubtedly result in the gridlock of Ohio's courts with duplicative, perpetual litigation. See Haendiges v. Widenmeyer Elec. Constr. Co. (1983), 9 Ohio App.3d 37,38, 458 N.E.2d 437, 438; accord Bullock v. Kilgour (1883), 39 Ohio St. 543,545.
 C.
We next address appellants' allegation that the lower court erred in failing to grant appellants leave to refile their complaint to include the previously dismissed Count Three.
Because appellants voluntarily dismissed Count Three prior to the expiration of the statutory time period for bringing such an action, appellants were required to refile within that same time period. See Armburst v. United Tel. Co. of Ohio, Inc. (1977), 119 Ohio App.3d 497,695 N.E.2d 823 (holding that the savings statute, R.C. 2305.19, is inapplicable to parties that voluntarily dismiss an action before the applicable statute of limitations has expired); accord Malatesta v. Sharon Twp. Trustees (1993), 87 Ohio App.3d 719, 622 N.E.2d 1163. Appellants missed this deadline by nearly sixteen months.
Again, we note, although it is stated in the text of appellants' assignment of error, that they do not address this issue — let alone how the trial court abused its discretion — in their brief to this Court. See State v. Watson, 126 Ohio App.3d at 316,710 N.E.2d at 340; see, generally, App.R. 16(A).
 D.
We address appellants' allegation that the lower court erred in failing to grant appellants leave to amend their complaint, only to say that appellants failed to preserve this issue for appeal. Appellants did not file a motion to amend their complaint in the trial court. Appellants cannot raise this issue for the first time on appeal. See State ex rel. Quarto Mining Co. v. Foreman, 79 Ohio St.3d at 78,679 N.E.2d at 706;Cooper v. City of Dayton, 120 Ohio App.3d at 34, 696 N.E.2d at 640. We see no need to address this issue further.
For the foregoing reasons, appellants' First Assignment of Error is OVERRULED in toto.
 II.
In appellants' Second Assignment of Error, they argue that the trial court erred in ordering appellants to return the mobile home to appellee because, before the trial court issued its judgment entry granting appellee's Civ.R. 60(B) motion, they allegedly sold the damaged mobile home for $10,000 to a person not a party to this action.
This assignment of error is not ripe for review by this Court.
The basic principle of ripeness may be derived from the conclusion that "judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." * * *. The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff.
(Emphasis added.) Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876 (citations omitted); see Elyria Foundry Co. v. Industrial Comm'n (1998), 82 Ohio St.3d 88,694 N.E.2d 459.
While appellants may have informed the trial court that the mobile home was allegedly sold in their memorandum in opposition to appellee's motion for relief from judgment, which appellants filed twenty-six days after the lower court's entry was issued, no motion attesting to the impossibility of performing the judgment was filed below.
Whether appellants must produce the mobile home, disgorge the proceeds from the sale, or provide appellee some other relief, is an issue that must be first addressed by the trial court, with the benefit of further discovery, before it can be properly presented to us. Thus, the time for judicial relief in this Court, on this issue, has not yet arrived.
Appellants' Second Assignment of Error is OVERRULED.
 III.
As an aside, we feel compelled to caution appellants. There is a readily ascertainable line between the reasonable, zealous litigation of legitimate issues, and the needless expenditure of precious judicial resources on futile claims. While we do not find that the instant action rises to frivolity, we caution appellants against expanding the boundaries of acceptable litigation beyond reason. "Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources — resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation." Cent. Ohio Transit Auth. v. Timson (1998), 132 Ohio App.3d 41,50, 724 N.E.2d 458, 463-464 (discussing the purpose of Ohio's vexatious-litigator statute).
CONCLUSION
For the foregoing reasons, we OVERRULE appellants' assignments of error in toto and AFFIRM the decision of the Highland County Court of Common Pleas.
JUDGMENT AFFIRMED.
[1] The first appeal was Young v. Spring Valley Sales Division ofStites Enterprises, Inc. (June 3, 1999), Highland App. No. 98CA25, unreported.
[2] See fn. 1, supra.