OPINION
{¶ 1} Appellants Thomas J. Kristian ("Mr. Kristian") and Balaci Kristian appeal the ruling of the Mahoning County Court of Common Pleas which granted Appellees Youngstown Orthopedic Associates and Dr. Joseph M. Stefko's ("Dr. Stefko") motion for summary judgment in a medical malpractice action. Appellants failed to produce any evidence in rebuttal to Dr. Stefko's affidavit, which described in detail the treatment he rendered to Mr. Kristian, and which asserted that Dr. Stefko conformed to the standard of care applicable to reasonable orthopedic surgeons under similar circumstances. Although Appellants contend that the trial court did not give them enough time for proper discovery in order to respond to Appellees' motion for summary judgment, the record reveals otherwise. The trial court granted Appellants an extension of time to rebut Appellees' motion, however Appellants failed to file any type of evidentiary response during the extension period. The record supports the decision to grant summary judgment in this case, and the judgment of the trial court is hereby affirmed.
 {¶ 2} On August 20, 1998, Dr. Stefko performed surgery on Mr. Kristian's bicep tendon and treated him from July 24, 1998, through September 21, 1999.
 {¶ 3} Appellants filed a medical malpractice complaint on March 9, 2001, in the Mahoning County Court of Common Pleas. Appellees filed a motion for summary judgment on April 2, 2002. Thereafter, Appellants voluntarily dismissed the action on May 10, 2002.
 {¶ 4} Appellants re-filed the action on May 8, 2003. On June 2, 2003, Appellees filed their answer. Appellees moved for summary judgment on June 27, 2003. Appellants opposed summary judgment and filed a motion for extension of time in which to respond to defendant's motion for summary judgment on July 3, 2003.
 {¶ 5} The trial court judge sustained Appellants' motion for extension of time, giving Appellants until August 29, 2003 to respond to the motion for summary judgment and setting September 5, 2003 as the date for non-oral hearing. On September 16, 2003, the trial court granted summary judgment in favor of Appellees. On October 8, 2003, Appellants filed this timely appeal.
 {¶ 6} Appellants' sole assignment of error asserts:
 {¶ 7} "The trial court erred in granting defendants-appellees' motion for summary judgment."
 {¶ 8} Appellants argue that the trial court granted summary judgment without first allowing enough time for the type of discovery necessary to establish that there were disputed issues of material fact pursuant to Civ.R. 56(C). Appellants also contend that the trial court had no justification for granting Appellees' motion for summary judgment, based on the trial court's failure to provide any explanation as to why it was granted the motion.
 {¶ 9} When reviewing a trial court's decision to grant summary judgment, we review the evidence de novo, and apply the same standard used by the trial court. Varisco v. Varisco
(1993), 91 Ohio App.3d 542, 543, 632 N.E.2d 1341, citing Parentiv. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829,586 N.E.2d 1121; Bell v. Horton (1996), 113 Ohio App.3d 363,365, 680 N.E.2d 1272. In addition, summary judgment under Civ.R. 56 is only proper when the movant demonstrates that:
 {¶ 10} "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Cos.
(1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129.
 {¶ 11} These factors make it clear that summary judgment should be granted with caution, being careful to resolve doubts in favor of the nonmoving party. Id.
 {¶ 12} The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and identifying those portions of the record showing that there are no genuine issues of material fact on the essential elements of the nonmoving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must be able to point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that summary judgment is warranted. Id.
 {¶ 13} If this initial burden is met, the nonmoving party has a reciprocal burden to, "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered[.]" Id.
 {¶ 14} In the present case, Appellants argue that the trial court should not have decided the summary judgment motion without first allowing full discovery. Contrary to Appellants' argument, Civ.R. 56 does not mandate that full discovery be completed before a motion for summary judgment may be granted. In fact, Civ.R. 56(B) provides:
 {¶ 15} "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may,at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." (Emphasis added.)
 {¶ 16} If a motion for summary judgment has been filed before the plaintiff has an opportunity to learn the facts of the case sufficient to oppose a motion for summary judgment, Civ.R. 56(F) provides a specific remedy:
 {¶ 17} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannotfor sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." (Emphasis added.)
 {¶ 18} The determination as to whether to allow additional time to permit a party opposing summary judgment to conduct discovery is within the sound discretion of the trial court.Banfield v. Turner (1999), 131 Ohio App.3d 213, 216,722 N.E.2d 136. The trial court has broad discretion in regulating the discovery process. State ex rel. Grandview Hosp. Med. Ctr. v.Gorman (1990), 51 Ohio St.3d 94, 96, 554 N.E.2d 1297. A trial court's ruling dealing with the discovery process will not be reversed in the absence of an abuse of discretion that prejudicially affects the substantial rights of the parties.State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 58, 63 O.O.2d 88, 295 N.E.2d 659.
 {¶ 19} The record reveals that Appellants ignored the requirements of Civ.R. 56(F). Specifically, Appellants did not submit an affidavit setting forth sufficient reasons why they could not present facts sufficient to justify their opposition to summary judgment. The trial court initially granted Appellants an extension of time to file evidence in rebuttal to Dr. Stefko's affidavit, despite their failure to follow Civ.R. 56(F). Instead of submitting any evidence, Appellants chose instead to continue requesting more time to complete discovery. (See Appellants' supplemental brief filed on August 26, 2003.) Appellants again failed to follow Civ.R. 56(F), and the trial court, in its discretion, proceeded to rule on the motion for summary judgment according to the schedule previously announced by the court.
 {¶ 20} Appellants assert that summary judgment should not have been granted because Appellees did not respond to either the first or second set of interrogatories. However, Appellants never sought an order to compel discovery as required by Civ.R. 37(A)(2): "[i]f a deponent fails * * * to answer an interrogatory submitted under Rule 33, * * * the discovering party may move for an order compelling an answer or an order compelling inspection in accordance with the request." The staff notes to Civ.R. 37 state that: "The party who feels aggrieved or who wants discovery must take affirmative action. There is no automatic compulsion upon those who do not comply with discovery requests or who resist discovery." If Appellants genuinely believed that Appellees had completely stymied the discovery process and prevented a proper response to the motion for summary judgment, we would expect to see a motion to compel discovery in the record. It is difficult to see how the trial court could have abused its discretion in failing to allow yet more time for Appellants to submit evidence in opposition to summary judgment when they did not take the proper steps necessary to bring the supposed discovery problems to the court's attention.
 {¶ 21} Appellants also complain that the trial court failed to specifically explain why it found no genuine issue of material fact in dispute. However, a trial court is not required to furnish specific findings of fact and conclusions of law with respect to summary judgment motions. Mosley v. Gen. MotorsCorp., 7th Dist. No. 01-CA-85, 2002-Ohio-6000, ¶ 43. At any rate, our review of a judgment entry that grants a motion for summary judgment is a de novo review, which means that we are not required to give any weight or deference to the trial court judgment. See Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Any error in the trial court's explanation, or lack of explanation, as to why it granted summary judgment is harmless error based on this Court's de novo standard of review.
 {¶ 22} Appellants argue that, pursuant to the "saving statute" contained in R.C. § 2305.19, they refiled this action within one year of voluntary dismissal and therefore the statute of limitations did not expire on their claim. In Ohio, if a plaintiff timely commences an action, and later voluntarily dismisses the action after the applicable statute of limitations has expired, the plaintiff may rely on the saving statute to refile the action within one year of the date of dismissal. Assuming arguendo that Appellants did properly refile their complaint within the one-year period set forth in the saving statute, they nevertheless failed to provide any evidence to rebut Dr. Stefko's affidavit or to establish some type of prima facie case of medical negligence, and summary judgment was appropriate.
 {¶ 23} Finally, Appellants argue that the four-year statute of repose found in R.C. § 2305.11(B) did not bar the refiling of their complaint, as argued by Appellees. A statute of repose is distinct from a statute of limitations. A statute of repose attempts to bar an action based simply on the passage of a certain amount of time from the date of injury, rather than the time from which a plaintiff discovers his or her injury, or from the time that the cause of action legally accrued. Armbrust v.United Tel. Co. of Ohio, Inc. (1997), 119 Ohio App.3d 497, 501,695 N.E.2d 823, fn.2. The parties disagree as to the applicable version of the statute of repose in this case, and disagree as to whether such statute is constitutionally deficient under the holdings of Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54, 514 N.E.2d 709, and State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451,715 N.E.2d 1062. Once again, assuming arguendo that Appellants' complaint did survive any applicable statute of repose, the record does not contain a scintilla of evidence to rebut the evidence in Appellees' motion for summary judgment. Thus, summary judgment was granted.
 {¶ 24} In conclusion, we find no abuse of discretion in the way that the trial court handled the discovery process. We also find that summary judgment was appropriate in this case based on the evidence presented in Appellees' motion for summary judgment, and based on Appellants' failure to provide rebuttal evidence to prove that there were genuine issues of material fact in dispute. We overrule Appellants' sole assignment of error, and affirm the judgment of the Mahoning County Court of Common Pleas.
DeGenaro, J., concurs.
Reader, J., concurs.