IN RE MOORE.

(No. 83AP-425—Decided February 9, 1984.)

*Mr. Paul E. Webster,* for appellant Mozelle Moore.

*Mr. Lawrence H. Braun,* for appellee Columbus Board of Education.

WHITESIDE, P.J. This is an appeal by Mozelle Moore from a judgment of the Franklin County Court of Common Pleas dismissing her appeal from her dismissal from her employment as a school teacher for appellee Columbus Board of Education (hereinafter "the board").

In her initial brief, appellant raised no issue properly reviewable on appeal at this time, instead referring only to error in the proceedings of the board. However, at oral argument, this court, pursuant to R.C. 2505.21 and App. R. 12(A), called to the attention of the parties that the trial court erred in finding appellant's appeal not to be properly commenced, which was apparent as the basis of the appeal. This court granted the parties leave to file supplemental briefs, and appellant did file an amended brief to which the board responded, raising as her assignment of error the following:

"The court of common pleas erred in dismissing appellant's appeal of the board of education decision to terminate her teaching contract in that all the statutory requirements for said appeal were in fact met by appellant, and further, in any case, that dismissal is too harsh a measure in light of all the circumstances."

This action was initially commenced on December 1, 1982, in the court of common pleas by filing a paper labeled "Appeal" together with a praecipe to the board for a transcript, both of which contain certificates of service indicating service upon the attorney for the board. The body of the pleading labeled "Appeal" merely indicates that appellant is appealing from the order terminating her teaching contract pursuant to R.C. 3319.16, which order was adopted on November 16 and received by her on November 17, 1982. Certified mail service was requested by the attorney for appellant and was made by the clerk. Although the clerk failed to issue a sum-

mons, service was completed upon the board by certified mail on December 14, 1982.

On December 16, 1982, appellant filed another paper labeled "Petition," which sets forth in detail the facts upon which she contends the board's order should be reversed, together with argumentative statements in support of her contention and a prayer for relief. Although this petition contains a certificate of service upon the attorney for the board, it is not signed. Thereafter, the board filed a motion to dismiss this action for the reason that: "The court lack[s] jurisdiction of the subject matter of this purported appeal." In the memorandum in support of such motion, it was noted that summons had not been served or waived, but no contention was made that service had not been obtained. The board, however, in its memorandum, did contend that the papers which had been filed with the court were inadequate to meet the requirements of R.C. 3319.16. The record reveals no response by appellant to this motion to dismiss, which was subsequently sustained by the trial court, resulting in this appeal.

R.C. 3319.16 provides, in pertinent part, as follows:

"Any teacher affected by an order of termination of contract may appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. The appeal shall be an original action in the court and shall be commenced by the filing of a petition against the board, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract. Upon service or waiver of summons in said appeal, the board shall immediately transmit to the clerk of said court for filing a transcript of the original papers filed with the board * * * whereupon the cause shall be at issue without further pleading and shall be advanced and heard without delay. * * *"

The clear language of R.C. 3319.16 is that an appeal is commenced by the filing of a petition against the appropriate board of education. The board in the case at bar contends that the petition filed herein does not contain sufficient facts to constitute compliance with R.C. 3319.16. While this is true with respect to the original filing labeled "Appeal," which contains almost no facts, within the thirty-day period of appeal, appellant filed a subsequent paper labeled "Petition," which is clearly and unequivocally a petition.

The board's contention that this petition in reality is a brief is totally without merit. Neither in form nor substance is this filing a brief, although it does contain some argumentative language. If a petition contains redundant or immaterial matter, the proper procedure is a motion to strike pursuant to Civ. R. 12(F), not a motion to dismiss for lack of subject matter jurisdiction. Likewise, if service were the issue attempted to be raised, the proper procedure would be a Civ. R. 12(B)(4) or (5) motion, rather than a Civ. R. 12(B)(1) motion contending lack of jurisdiction of the subject matter. Clearly and unequivocally the trial court had jurisdiction of the subject matter. Such jurisdiction is expressly conferred by R.C. 3319.16. The issue is whether or not that subject matter jurisdiction has been properly invoked by a filing constituting a petition within the contemplation of R.C. 3319.16, which has been served upon the adverse party. If the petition is insufficient, it would be subject to a Civ. R. 12(B)(6) motion. R.C. 3319.16 expressly provides that the appeal is commenced by the filing of the petition. There is no express requirement for issuance of summons or service, although obviously these are necessary.

Accordingly, Civ. R. 3(A) would appear to be applicable and provides that

the action is commenced when the complaint is filed, "* * * if service is obtained within one year from such filing." Since such one-year period had not expired at the time the trial court dismissed the action, the dismissal was clearly error, even if no service had been obtained.

However, here, service has been obtained, even if defective. The original filing labeled "Appeal" was served both upon the board and upon its counsel. As to who may be served, Civ. R. 4.2(14) provides that one method of service is "* * * serving the appropriate legal officer, if any, representing the entity. * * *" Such service was apparently obtained. No objection to service, no motion to quash or other motion to raise the issue of defective service has been made by the board. The defect in the original filing labeled "Appeal" was corrected by the subsequent filing. Although, as we have indicated, the proof of service for this subsequent filing is not signed, the petition apparently was served upon counsel for the board since it is referred to in the board's motion to dismiss filed shortly thereafter — although the board contended that it is a brief rather than a petition, without citing any authority or giving any justification for such contention. If the petition were to be considered as an amendment of the original filing, service upon counsel would be appropriate in any event, pursuant to Civ. R. 5(A) and (B). See, however, Civ. R. 5(D).

The board's argument centers around the absence of summons. Whether subsequent summons and service thereof with respect to the petition was accomplished within one year after the filing thereof, we have no way of knowing, inasmuch as the record on appeal came to us before the expiration of that period. Nevertheless, as indicated clearly in R.C. 3319.16, the requisite for commencing the appeal is the filing of the petition, not the service of summons. Rather, as clearly indicated in R.C. 3319.16, service or waiver of summons triggers the time for the filing of the record by the board with the court, not the commencement of the action, which the statute expressly provides occurs upon the filing of the petition, although Civ. R. 3(A) would require service within one year. Under the circumstances, we need not determine whether the action of the board in filing its motion to dismiss constituted waiver of service. However, the trial court erred in finding it lacked subject matter jurisdiction, inasmuch as such jurisdiction is clearly conferred by R.C. 3319.16 and the action had been commenced in accordance with the express terms of that statute. Any defects either in the form of the petition or in the service of process do not affect subject matter jurisdiction, even if they be separate grounds for dismissal or other relief. For the reasons and to the extent stated above, the assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. This cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed*
*and cause remanded.*

McCORMAC and NORRIS, JJ., concur.