Plaintiff-appellant Carla Tellis appeals the trial court's decision granting the motion for summary judgment filed by the defendant-appellee Faye Morgan. It is from this order that the appellant appeals.
The appellant filed a complaint on September 25, 1998, concerning a motor vehicle accident which occurred on October 6, 1989 when the appellant was eleven years of age. The complaint alleges that the appellant, a pedestrian, was struck by the appellee and suffered injuries. A second defendant, not a party to this appeal, was dismissed on March 11, 1999.
The docket reveals that the appellant failed to perfect service on the appellee and on January 15, 1999, an order was entered stating that, absent a showing of good cause as to why service had not been completed, the case would be dismissed for want of prosecution. Subsequently, the appellant obtained service on the appellee through the office of the Ohio Secretary of State.
On March 29, 1999, a pretrial was held at which the appellee failed to appear. The court reset the pretrial date to April 21, 1999, and ordered that the appellee have until that date to file an answer. On April 15, 1999, the appellee filed a motion to quash service. The motion to quash was denied by the trial court after the April 21, 1999 pretrial. The order, journalized on April 26, 1999, also indicated that the court granted the appellee an extension until May 15, 1999 to file an answer, and that a settlement conference was scheduled for July 12, 1999, at which time the client or insurance adjuster was required to be present. In a separate entry, journalized the same day, the court set a trial date of November 3, 1999; a final pretrial date of October 21, 1999; a dispositive motion deadline of August 13, 1999; and an opposition deadline of September 13, 1999. The appellee timely filed her answer.
Interestingly, on May 28, 1999, the appellant moved the court for a thirty-day leave to file a dispositive motion in response to the appellee's answer. This motion was granted and leave was given until June 30, 1999.[1] On June 30, 1999, the appellee filed a motion for summary judgment. The status conference which was to be held on July 12, 1999, was reset to August 16, 1999. On August 20, 1999, the trial court granted the appellee's motion for summary judgment. The order noted both that the appellant failed to attend the pretrial conference held on August 16, 1999 and that the appellant had failed to oppose the motion for summary judgment.
The appellant sets forth one assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO PROVIDE PLAINTIFF-APPELLANT NOTICE AND OPPORTUNITY FOR A HEARING BEFORE DISMISSING THE COMPLAINT FOR WANT OF PROSECUTION THROUGH THE VEHICLE OF GRANTING SUMMARY JUDGMENT PRE-MATURELY.
The appellant asserts that the trial court dismissed the complaint pursuant to Civ.R. 41(B)(1) for failure to prosecute the action without giving prior notice to the appellant. The appellant's argument seems to be that, although the entry states that a motion for summary judgment was granted, that the court granted the Civ.R. 41(B)(1) dismissal. The appellant arrives at this conclusion due to the court's notation on the final entry indicating that the appellant failed to appear at the pretrial and failed to oppose the motion for summary judgment. The appellant argues that even though the motion for summary judgment was filed on June 30, 1999, instead of on the deadline ordered in the pretrial of August 13, 1999, her response should not have been due until September 13, 1999, the original deadline set by the court at the pretrial. As to the merits of the motion for summary judgment, the appellant does not argue that the motion was improperly granted. In the appellate reply brief, the appellant asserts that the appellee should have been precluded from presenting a statute of limitations defense to the action in the motion for summary judgment since the appellee failed to timely raise this defense.
This court will first consider the appellant's arguments pertaining to perceived procedural irregularities. This court finds that there is no basis for the contention by the appellant that the trial court dismissed this action pursuant to Civ.R. 41(B)(1) for want of prosecution. That the court commented on the appellant's failure to appear at the pretrial and failure to respond to the motion for summary judgment were statements of fact. A plain reading of the court's order clearly shows that the trial court issued its legal opinion in the final order based on the appellee's motion for summary judgment.
Turning next to the appellant's argument that the court prematurely granted the appellee's motion, this court notes that Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, states that a party opposing a motion for summary judgment has 30 days after the service of the motion to file its brief and accompanying evidentiary materials. Pursuant to the plain language of the rule, where no oral hearing is set, the court may rule on the motion after giving the parties the appropriate time to respond. Novosel v. Gusto, Inc. (Dec. 3, 1998), Cuyahoga App. No. 73575, unreported. This court has previously determined that Loc.R. 11(I) is not in conflict with any rules governing practice and procedure promulgated by the Ohio Supreme Court and is therefore valid. Higgins v. McDonnell (1995), 105 Ohio App.3d 199, citing State ex rel. Henneke v. Davis (1986), 25 Ohio St.3d 23.
As the appellant points out, the original deadline for dispositive motions was August 13, 1999 and the original deadline for opposition was September 13, 1999. The appellee actually filed her motion on June 30, 1999 and the court issued its ruling on August 20, 1999. What the appellant fails to mention is that on May 28, 1999 she requested a thirty-day extension to file a dispositive motion. The court granted this motion and gave the appellant leave to file until June 30, 1999. The trial court's order did not specify whether or not the original dispositive motion deadline had been changed. Wisely, the appellee took no chances and filed her dispositive motion on June 30, 1999. The appellant failed to file a responsive brief within thirty days as required under the local rule. Nor did the appellant file for an extension of time pursuant to Civ.R. 56(F). The trial court properly ruled on the motion for summary judgment after the time for response had lapsed. Novosel, supra.
As a final procedural note, the appellant's argument that the appellee failed to timely raise the statute of limitations defense is not well taken. The appellant argues that because the motion to quash service is a Civ.R. 12(B) motion, the statute of limitations defense was waived because it was not raised at the same time as the motion to quash. See Civ.R. 12(G).
A motion to quash service has been held to be a motion to dismiss pursuant to Civ.R. 12(B)(4) or 12(B)(5). In re Moore (1984), 14 Ohio App.3d 264; Ullmer v. Ullmer (July 13, 1984), Montgomery App. No. 8715, unreported. The statute of limitations defense may be raised as a Civ.R. 12(B)(6) motion where the bar is apparent from the face of the complaint. State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,109. The appellant incorrectly believes that Civ.R. 12(G) requires both motions to be made at the same time. A perusal of Civ.R. 12(H)(2) shows that a motion for failure to state a claim for which relief can be granted may be raised in any pleading or even at trial. Fischer v. Morales (1987), 38 Ohio App.3d 110; Bruckner v.Taddie (March 3, 1994), Cuyahoga App. No. 64567, unreported. See generally, Gallagher v. Cleveland Browns Football Co. (1994),93 Ohio App.3d 449.
Here, the answer was filed after the motion to quash service was denied by the trial court. In the answer, the appellee raised the defense of the statute of limitations. The appellee properly filed a motion for summary judgment raising this defense because the defense was not apparent from the face of the complaint. The appellee timely raised the statute of limitations defense.
To proceed with the merits of this appeal, this court notes that we review the lower court's grant of summary judgment de novo.Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as the trial court. Zaslovv. The May Dept. Stores Co. (Oct. 1, 1998), Cuyahoga App. No. 74030, unreported. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; it appears from the evidence that reasonable minds can come but to one conclusion; and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993),67 Ohio St.3d 337, citing to Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, and Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. A court is permitted to grant a motion for summary judgment where all of the tests provided in Civ.R. 56 are met. See Celotex Corp. v. Catrett (1986), 477 U.S. 317, 323.
More importantly in the context of this case, Civ.R. 56(E) specifically states that where a litigant opposing a motion for summary judgement fails to respond, the motion, summary judgment, if appropriate, shall be entered against him. Toledo's GreatEastern Shoppers City, Inc. v. Abde's Black Angus Steak House No.III, Inc. (1986), 24 Ohio St.3d 198. Thus, this court must next consider whether or not the appellee's motion was properly granted.
As the basis for the motion for summary judgement, the appellee asserts that the appellant was not entitled to the benefits under the savings statute, R.C. 2305.19 which states:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
In Armbrust v. United Tel. Co. of Ohio (1997), 119 Ohio App.3d 497, the court held:
 A Civ.R. 41(A)(1) voluntary dismissal is a failure otherwise than upon the merits. Frysinger v. Leech (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus. R.C. 2305.19 on its face, however, is not applicable to an action dismissed before the statute of limitations has run. A party who voluntarily dismisses an action before the limitations period expires, therefore, cannot take advantage of the savings statute. Malatesta v. Sharon Twp. Trustees (1993), 87 Ohio App.3d 719, 722, 622 N.E.2d 1163, 1165.
See also DePugh v. Sladoje (1996), 111 Ohio App.3d 675.
In the case sub judice, the appellee properly supported its motion for summary judgment. The following facts are pertinent to the resolution of this issue:
1. the appellant's date of birth is May 11, 1978
 2. the underlying motor vehicle-pedestrian accident occurred on October 6, 1989
3. the first complaint was filed on December 1, 1995
4. Date appellant reached majority was May 11, 1996
 5. The case was voluntarily dismissed by appellant on September 9, 1997
6. the statute of limitations expired May 11, 1998
7. the case was re-filed on September 25, 1998
From these facts it is apparent that the appellant was eleven years old at the time of the accident. Pursuant to R.C. 2305.10
and 2305.16, the appellant had until May 11, 1998, two years from that date she reached her majority, to file this action. The action was timely filed on December 1, 1995. However, the appellant then voluntarily dismissed her action on September 9, 1997, prior to the running of the statute of limitations which would have occurred on May 11, 1998. Thus, because the appellant dismissed her action prior to the expiration of the statute of limitations, she had from September 9, 1997 until May 11, 1998 to timely re-file her complaint. Since the complaint was not re-filed until September 25, 1998, the re-filing was past the statute of limitations and the trial court properly granted the motion for summary judgment.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
ANN DYKE, A.J., and LEO M. SPELLACY, J., CONCUR.
 _______________________ JAMES D. SWEENEY, JUDGE
[1] The appellant failed to file a dispositive motion.