DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Susan Mellion, appeals from the finding of the Summit County Court of Common Pleas that her appeal from Appellee's, Akron City School District Board of Education, decision not to renew her teaching contract was filed untimely, and therefore must be dismissed. We affirm.
 I. {¶ 2} Appellant is a certified special education teacher who has worked for Appellee for at least 30 years. In August of 2003, Appellant was working under a one year limited contract at Goodrich Middle School teaching special education. It was in this capacity that the Goodrich Middle School principle noted deficiencies in her performance and recommended to Appellee that Appellant's contract be non-renewed. The parties do not dispute that on April 16, 2004, Appellant received written notice of Appellee's intent to consider the non-renewal of her services on April 16, 2004. Attached to and incorporated in this notice were several "Observation and Appraisal" forms. On April 26, 2004, pursuant to R.C. 3319.11, Appellee received a written demand from Appellant for a written statement describing the circumstances that led to Appellee's intention not to reemploy her. On April 26, 2004, Appellee responded to this demand by faxing the same documentation that it provided to her on April 16, 2004. At its April 26, 2004 board meeting, Appellee voted to non-renew Appellant's teaching contract. Appellee hand delivered written notice of this action to Appellant on April 27, 2006. On April 30, 2004, Appellant demanded a hearing under R.C. 3319.16 and R.C. 3319.11(G)(1). On May 11, 2004, the parties met to discuss proceeding under R.C. 3319.16. In a letter dated May 16, 2004, Appellant waived her right to a hearing under R.C. 3319.11 upon commencement of a hearing under R.C. 3319.16. In accordance with Appellant's demand, a referee was selected and a R.C. 3319.16 hearing took place. The hearing took six days and was completed on January 26, 2005. The referee found that he lacked jurisdiction to determine R.C. 3319.11 issues in a R.C.3319.16 hearing, but proceeded to make findings of fact and conclusions of law. The referee recommended that Appellee's contract be non-renewed. At its June 13, 2005 meeting, Appellant adopted the referee's finding affirming its decision to non-renew Appellant's contract.
 {¶ 3} On July 18, 2005, Appellant filed an appeal under R.C. 3319.11
and R.C. 3319.16 in the Summit County Court of Common Pleas. During the course of this case, Appellee filed several motions to dismiss. Appellant responded to Appellee's first motion to dismiss, filed on September 12, 2005, and then asked the trial court to consider her response as a motion for summary judgment. This request was granted. Appellee answered Appellant's motion for summary judgment and filed its own motion for summary judgment. Due to the pending summary judgment motions, Appellee moved to withdraw its previous motions to dismiss. However, the docket does not reflect the trial court's decision on this matter. "In general, if the trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." Lorence v. Goeller, 9th Dist. No. 04CA008556,2005-Ohio-2678, at ¶ 47, citing Fed. Home Loan Mtge. Corp. v. Owca (Nov. 17, 1999), 9th Dist. No. 2897-M. We presume by the trial court's silence that Appellee's motion to withdraw its motions to dismiss was overruled. Therefore, Appellee's September 12, 2005 motion to dismiss was still before the court.
 {¶ 4} While the trial court does not expressly state the basis for its April 17, 2006 order, it appears to be a ruling based upon Appellee's motion to dismiss under Civ.R. 12(B)(1). In this order, the trial court found that the referee had no authority to decide any of the facts in question because Appellant was untimely in her initial request for a hearing and because R.C. 3319.16 was inapplicable to Appellant's contract. Due to this failure, the court considered Appellee's action on April 26, 2004, rather than its decision on June 13, 2005, to be its affirmance of Appellant's non-renewal. Under R.C. 3319.11(G)(7), Appellant had 30 days from April 27, 2004, the date she received notice of Appellee's action, to file her appeal with the trial court. Because the appeal was filed over 400 days after this date, the trial court determined it was without jurisdiction to hear the appeal. Appellant timely appeals from the trial court's judgment, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE COMMON PLEAS COURT ERRONEOUSLY DETERMINED THAT IT LACKED JURISDICTION TO HEAR [APPELLANT'S] APPEAL[.]"
 {¶ 5} Appellant argues that the trial court erred in its determination that it lacked jurisdiction to hear her appeal. We disagree.
 {¶ 6} The standard of review for a motion to dismiss pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock
(1989), 42 Ohio St.3d 77, 80. An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo, and therefore it must review the issues independently of the trial court's decision.Crestmont Cleveland Partnership v. Ohio Dept. of Health (2000),139 Ohio App.3d 928, 936.
 {¶ 7} Appellant filed her appeal in the trial court under both R.C.3319.11 and R.C. 3319.16. The trial court specifically found that Appellant did not timely demand a hearing under either statute, thus the statutory referee had no power to determine the issues at hand. The trial court stated that because the referee was without authority to hear the case, any determination he made was a nullity. Therefore, Appellee's decision on June 13, 2005 to adopt the referee's findings and recommendations was also a nullity. Due to these facts, the trial court would not consider Appellee's June 13, 2005 action "to be the final affirmance of [Appellee's] intention to non-renew [Appellant's] contract, but considered] the April 26, 2004 action to be [Appellee's] affirmance of its non-renewal decision." Because Appellant filed her appeal more than 30 days after Appellee's final action, the trial court determined it was without jurisdiction to hear the appeal. We agree.
 {¶ 8} R.C. 3319.11 states in pertinent part that:
 "(G)(1) Any teacher receiving written notice of the intention of a board of education not to reemploy such teacher pursuant to division (B), (C)(3), (D), or (E) of this section may, within ten days of the date of receipt of the notice, file with the treasurer of the board a written demand for a written statement describing the circumstances that led to the board's intention not to reemploy the teacher.
 "(2) The treasurer of a board, on behalf of the board, shall, within ten days of the date of receipt of a written demand for a written statement pursuant to division (G)(1) of this section, provide to the teacher a written statement describing the circumstances that led to the board's intention not to reemploy the teacher
 "(3) Any teacher receiving a written statement describing the circumstances that led to the board's intention not to reemploy the teacher pursuant to division (G)(2) of this section may, within five days of the date of receipt of the statement, file with the treasurer of the board a written demand for a hearing before the board pursuant to divisions (G)(4) to (6) of this section."
 {¶ 9} Appellant presented evidence that she filed a written demand for a written statement describing the circumstances for her non-renewal. The letter was received by the treasurer of the board on April 26, 2004, within the ten day time limit. On April 27, Appellee responded to the demand by sending Appellant the same documents it had previously sent. On April 30, 2004, within the five days allotted under the statute, Appellant sent Appellee a written demand for a hearing. This demand was made under both R.C. 3319.11 and R.C. 3319.16. We find that Appellant timely demanded a hearing under R.C. 3319.11. However, in a letter dated May 16, 2004, Appellant agreed to withdraw her request for a R.C.3319.11(G) hearing upon commencement of a R.C. 3319.16 hearing. Generally speaking, waiver is the voluntary relinquishment of a known legal right. Baughman v. State Farm Mut. Auto. Ins. Co.,160 Ohio App.3d 642, 2005-Ohio-1948, at ¶ 9. It is clear here that Appellant had a legal right to a hearing under R.C. 3319.11(G) and that she voluntarily gave up this right in her May 16, 2004 letter. Therefore, Appellant opted to proceed under R.C. 3319.16.
 {¶ 10} R.C. 3319.16 states that "[w]ithin ten days after receipt of the notice from the treasurer of the board, the teacher may file with the treasurer a written demand for a hearing before the board or before a referee, and the board shall set a time for the hearing[.]" Appellant received notice of Appellee's intent to non-renew on April 16, 2004. Appellant demanded a hearing on April 30, 2004. Appellant's demand came 14 days after she received notice. Accordingly, Appellant's demand for a hearing under R.C. 3319.16 was untimely. Therefore, Appellee's final order of termination occurred on April 27, 2004. Under the statute, it is from this final action that Appellant was required to appeal to the court of common pleas.
 {¶ 11} According to R.C. 3119.16, "[a]ny teacher affected by an order of termination of contract may appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order." Similarly, under R.C.3319.11(G)(7) "[a] teacher may appeal an order affirming the intention of the board not to reemploy the teacher to the court of common pleas * * * within thirty days of the date on which the teacher receives the written decision[.]" Therefore, under both statutes, Appellant had until May 27, 2004 to appeal Appellee's decision. Appellant filed her appeal on July 18, 2005, well over the thirty day time limitation.
 {¶ 12} R.C. 3319.11 and R.C. 3319.16 clearly confer jurisdiction upon the trial court through the commencement of a properly filed appeal. SeeIn re Moore (1984), 14 Ohio App.3d 264, 266. However, the action must be "commenced in accordance with the express terms of that statute." Id. As Appellant did not file her appeal within the time constraints set forth in either statute, she did not properly invoke the jurisdiction of the trial court. Therefore, the trial court was without jurisdiction to hear the appeal. Accordingly, Appellant's assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to ran. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J.
BOYLE, J.
CONCUR