[Cite as *Johnston v. Med. Pharma Servs., Inc.*, 2021-Ohio-3419.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT JOHNSTON | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MEDICAL PHARMA SERVICES, INC. | : | Case No. 2021 CA 00054 |
| D/B/A MEDICAL PHARMA SERVICES | : | |
| S.R.O. | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Court of Common
                                       Pleas, Case No. 2020 CV 01722



JUDGMENT:                              Affirmed




DATE OF JUDGMENT:                      September 28, 2021




APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JAMES J. COLLUM                        GREGORY C. DJORDJEVIC
4740 Belpar Street, NW                 Skylight Office Tower
Suite C                                1660 West 2nd Street
Canton, OH  44718                      Suite 1100

Cleveland, OH  44113-1448

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Robert Johnston, appeals the April 28, 2021 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting the motion to dismiss filed by defendant-appellee, Medical Pharma Services, Inc. dba Medical Pharma Services S.R.O.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 30, 2019, the parties entered into an employment agreement. Appellant began working for appellee on the designated start date of December 1, 2019. The agreement called for a year-to-year renewal of employment unless otherwise terminated or notified of non-extension according to the applicable provisions in the agreement.  On October 16, 2020, appellee notified appellant his employment contract was not being extended and his employment would end on December 1, 2020, the final day of the one-year employment term.

{¶ 3}   Appellant sought severance pay under the agreement.  His request was denied.

{¶ 4}   On December 28, 2020, appellant filed a complaint alleging breach of contract for failing to pay severance pay.  Appellant claimed ambiguity in the employment agreement, namely, the definition of the term "terminated" for purposes of severance pay. Attached to the complaint were the Executive Employment Agreement and the Notice of Non-Extension of Employment.

{¶ 5}   On April 5, 2021, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing failure to state a claim because appellant was not terminated from his

employment and therefore was not entitled to severance pay. By judgment entry filed April 28, 2021, the trial court granted the motion and dismissed the complaint.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT-APPELLEE MEDICAL PHARMA SERVICES INC. D/B/A MEDICAL PHARMA SERVICES S.R.O.'S ('MEDICAL PHARMA SERVICES') MOTION TO DISMISS PURSUANT TO CIV. R. 12(B)(6)."

I

{¶ 8} In his sole assignment of error, appellant claims the trial court abused its discretion in granting appellee's motion to dismiss the complaint. We disagree.

{¶ 9} The trial court dismissed the complaint pursuant to Civ.R. 12(B)(6). Said rule permits dismissal for "failure to state a claim upon which relief can be granted." Under this standard, a trial court is limited to a review of the four corners of the complaint; however, "[d]ocuments attached to or incorporated in the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). In considering the motion, a trial court "must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Valentine v. Cedar Fair, L.P.,* 6th Dist. Erie No. E-20-018, 2021-Ohio-2144, ¶ 22, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382. In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), "it must appear

beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶ 10} Our standard of review is de novo, and therefore this court "must review the issues independently of the trial court's decision." *Perrysburg Township v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44; *Mellion v. Akron City School District Board of Education,* Summit App. No. 23227, 2007-Ohio-242, ¶ 6. "We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of [appellant]." *Habibi v. University of Toledo*, 10th Dist. Franklin No. 19AP-583, 2020-Ohio-766, ¶ 10.

{¶ 11} In his appellate brief at 6, appellant argues when he was separated from employment on October 16, 2020, "it was a termination without cause and thus triggered severance payments under Section 4" of the employment agreement. Appellant argues Sections 2 and 4 of the agreement are ambiguous. The sections state the following in pertinent part:

> 2. **Start Date; Term.** The Executive's first date of employment shall be December 1, 2019 (the "Start Date"). The Company hereby agrees to employ the Executive and the Executive hereby accepts employment with the Company upon the terms set forth in this Agreement for the period commencing on the Start Date and ending on the first (1st) anniversary of the Start Date (such period, the "Initial Term"), with the term of employment hereunder automatically extended for successive one (1) year periods

thereafter (each such period, a "Subsequent Term") unless: (a) sooner terminated pursuant to Section 4 below; or (B) at least thirty (30) days prior to the conclusion of the Initial Term or a Subsequent Term, either the Company or the Executive provides written notice to the other party of its election not to extend the Initial Term or a Subsequent Term, as applicable.

**4. Termination; Payments.**

(b) Termination by the Company without Cause; Severance Payment. In the event that the executive's employment is *terminated* by the Company other than for Cause six (6) or more months following the Start Date, then, in addition to the Accrued Obligations, the Executive shall receive the following severance payment, subject to the terms and conditions of Section 4(c): * * *.  For the avoidance of doubt, if the Company terminates Executive's employment with or without Cause, within six (6) months of the Start Date, Executive shall receive no severance payment. (Emphasis added.)

{¶ 12} In his appellate brief at 5, appellant argues if he "was employed for more than six (6) months and was involuntarily separated without cause by MPS under the Employment Agreement, such a termination triggers both Section 2 (in which no severance is due to Johnston) and Section 4 (namely 4b, in which severance is due to Johnston)."

{¶ 13} The October 16, 2020 Notice of Non-Extension of Employment sent to appellant stated the following:

Pursuant to Section 2 of the employment agreement you executed with the Company on December 30, 2019 (the "Agreement"), Medical Pharma Services, S.R.O. (the "Company") is providing you with at least thirty (30) days prior written notice of its decision not to extend the Initial Term (as defined in the Agreement) of your employment. Accordingly, your employment with the Company will end on December 1, 2020.

From now until December 1, you will continue to perform your responsibilities in a manner that ensures the orderly transition of your responsibilities. You will continue to receive your salary in accordance with the Company's regularly scheduled payroll. Your final paycheck will be paid to you consistent with applicable law upon your separation from the Company. * * *

{¶ 14} In its April 28, 2021 judgment entry granting the motion to dismiss, the trial court examined the complaint with the attached documents and determined the following:

The Court does not find Section 2 and Section 4 of the Agreement are ambiguous or that the sections overlap, as argued by Plaintiff. The Court finds that the Plaintiff's employment in this matter was not terminated pursuant to Section 4 of the Agreement thereby entitling Plaintiff to severance pay. Rather, the Court finds that Plaintiff's employment was not renewed pursuant to Section 2.

The clear and unambiguous language of Section 2 of the Agreement, provided that Plaintiff's employment was for one year, commencing on December 1, 2019. The employment automatically extended for successive one year periods thereafter unless either party elected not to extend the employment by providing 30 days prior written notice.

On October 16, 2020, Defendant provided written notice to Plaintiff that it was not extending his employment beyond the Initial Term. Defendant continued his employment through December 1, 2020, and continued to receive his salary in accordance with the Company's regularly scheduled payroll.

Plaintiff was not terminated pursuant to Section 4 of the Agreement thereby triggering entitlement to severance pay. The Court finds that Plaintiff's employment was not extended pursuant to Section 2 of the Agreement.

{¶ 15} We concur with the trial court's analysis. In examining the complaint and the attached exhibits, taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of appellant, we find there is no doubt appellant can prove no set of facts entitling him to recovery. Appellant was not terminated from employment, his employment term was simply not extended. Because Section 4 of the agreement pertains to termination of employment, said section is inapplicable in this case. The agreement is not ambiguous.

{¶ 16} Upon review, we find the trial court did not err in granting appellee's Civ.R. 12(B)(6) motion to dismiss the complaint.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, J., J. concur.

EEW/db