[Cite as *Daddario v. Rose*, 2022-Ohio-3537.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| COLLEEN O. DADDARIO, ET AL. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiffs-Appellees | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MARYBETH O'HEARN ROSE | : | Case No. 2021CA00104 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Probate Division, Case No.
237211

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      September 30, 2022

APPEARANCES:

For Plaintiffs-Appellees

WILLIAM J. STAVOLE
H. WILLIAM BESETH III
MELISSA Z. KELLY
950 Main Avenue, Suite 1100
Cleveland, OH  44113

BRIAN C. LAYMAN
4481 Munson Street, NW, Suite 301
Canton, OH  44718

DAVID L. DINGWELL
200 Market Avenue North, Suite 300
Canton, OH  44702

For Defendant-Appellant

LAURA L. MILLS
PIERCE C WALKER
NICHOLAS J. PETRUS
101 Central Plaza South, Suite 1200
Canton, OH  44702

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Marybeth O'Hearn Rose, appeals the September 23, and December 21, 2021 judgment entries of the Court of Common Pleas of Stark County, Ohio, Probate Division, finding in favor of Plaintiffs-Appellees, Colleen O. Daddario, Timothy O'Hearn, Victoria O'Hearn as Executor of the Estate of Jeffrey O'Hearn, and Attorney David Dingwell in his capacity as administrator and trustee.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On December 4, 1991, Arthur O'Hearn and Kathleen O'Hearn, husband and wife, each executed a trust.  Each trust provided for the remainder to be given to their four children as beneficiaries, Colleen, Timothy, Jeffrey, and Marybeth.  Colleen, Timothy, and Jeffrey's estate are appellees herein; Marybeth is appellant.  Arthur died on February 25 2011, and Kathleen became the successor trustee of his trust.  Kathleen was also the trustee of her own trust.  On December 21, 2011, Kathleen appointed appellant to serve as co-trustee of her trust and to serve as executrix of her estate.  On April 23, 2012, Kathleen executed a power of attorney naming appellant as her agent or attorney-in-fact.

{¶ 3}   In order to help her mother, appellant moved in with her and became her primary caretaker from 2013 until Kathleen's death on April 9, 2018.  Following Kathleen's death, appellees disputed several transfers made by Kathleen to appellant:

1) $54,068.65 from a PNC Bank account (September 11, 2012);

2) $275,157.74 from three Huntington Bank accounts (September 11 and 12, 2012);

3) $25,151.72 from an American Century Investments account from Arthur's trust (October 25, 2012);

4) the Barnhill property by limited warranty deed (April 27, 2013);

5) $333,952.00 from the sale proceeds of the Whipple Road property (July 9, 2013);

6) $141,782.05 from an Edward Jones account (August 6, 2013); and

7) mineral rights from Kathleen's trust (April 29, 2014, and February 10, 2015).

{¶ 4} On June 16, 2020, appellees Colleen and Timothy filed a complaint against appellant claiming/requesting fifteen separate counts for constructive trust, unjust enrichment, conversion, accounting, breach of fiduciary duty, fraud, and removal of trustee (Case No. 237211).

{¶ 5} On July 24, 2020, appellant filed a motion to dismiss, arguing the claims were barred by the applicable statutes of limitations. The motion was denied on November 9, 2020.

{¶ 6} On October 28, 2020, Attorney David Dingwell, as administrator WWA of Kathleen's estate, had filed a complaint against appellant (Case No. 238236). On January 6, 2021, the trial court consolidated the two cases. On January 28, 2021, appellant filed an accounting of all assets. On February 1, 2021, Jeffrey's estate was added as a necessary party-plaintiff.

{¶ 7} On March 31, 2021, upon motion by appellees, the trial court removed appellant from her position as trustee of Arthur's and Kathleen's trusts and appointed Attorney Dingwell as successor trustee of both trusts. As to Kathleen's trust, the trial court found appellant improperly distributed trust assets, failed to administer the trust in a timely manner, failed to provide annual trust reports as required by R.C. 5808.13, and

appellant's accounting was inadequate. As for Arthur's trust, the trial court found appellant failed to cooperate with the co-trustee, appellee Timothy.

{¶ 8} On April 7, 2021, Attorney Dingwell, as administrator WWA of Kathleen's estate and trustee of the Kathleen and Arthur trusts, filed a motion for leave to file a first amended complaint claiming four counts for an accounting, declaratory judgment, concealment of assets, and breach of fiduciary duty. The motion was granted and Attorney Dingwell filed his first amended complaint on May 5, 2021. On May 10, 2021, appellant filed an accounting of all assets.

{¶ 9} On May 18, 2021, Attorney Dingwell filed a motion for partial summary judgment, arguing the transfer of the Edward Jones account to appellant was a valid inter vivos gift, and cash in a safety deposit box in the amount of $71,050.00 was an asset of Kathleen's estate. On May 24, 2021, appellant filed a motion for summary judgment, arguing no genuine issues of material facts to exist. By judgment entry filed July 13, 2021, the trial court granted Attorney Dingwell's motion for partial summary judgment. By judgment entry filed July 14, 2021, the trial court granted appellant's motion for summary judgment on the unjust enrichment claim and denied the motion as to the remaining claims. The trial court found moot the claims for an accounting and removal of trustee on the Kathleen and Arthur trusts.

{¶ 10} A bench trial was held on July 15, 2021. By judgment entry filed September 23, 2021, the trial court found five of the seven transfers were not inter vivos gifts totaling $867,813.07. The PNC and Edward Jones transfers were found to be valid gifts. The trial court also found in favor of appellees on their fraud, conversion, and breach of fiduciary duty claims, granted Attorney Dingwell's request for declaratory judgment to

return the assets to the trusts, and denied the request for a constructive trust. The trial court found in favor of appellant on the concealment claim. Thereafter, appellees filed a motion for prejudgment interest and attorney fees. A hearing was held on December 7, 2021. By judgment entry filed December 21, 2021, the trial court awarded Attorney Dingwell $126,131.28 in prejudgment interest, $1,732.50 for transcription services, and $1,526.47 in court costs. All monies awarded were to be held in escrow pending appeal. The trial court stayed the issue of attorney fees.

{¶ 11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 12} "THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS APPELLEES' CLAIMS BASED ON THE APPLICABLE STATUTES OF LIMITATIONS."

II

{¶ 13} "THE TRIAL COURT ERRED WHEN IT APPLIED THE INCORRECT BURDEN WHEN CONSIDERING INTER VIVOS GIFTS."

III

{¶ 14} "THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLEES ESTABLISHED EACH ELEMENT OF THEIR FRAUD CLAIMS."

IV

{¶ 15} "THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO FURNISH APPELLEES AN ADDITIONAL $126,131.28 IN AN AMOUNT REPRESENTING AN AWARD OF PRE-JUDGMENT INTEREST."

I

{¶ 16} In her first assignment of error, appellant claims the trial court erred in failing to dismiss the claims under the applicable statutes of limitations.  We disagree.

{¶ 17} In her appellate brief at 12, appellant states she filed her motion to dismiss on July 24, 2020, and the trial court denied said motion on November 9, 2020.  A review of the case file does not include a judgment entry of denial.  The docket printout sheet shows two filings for November 9, 2020: No. 15 indicates a judgment entry denying in part and granting in part motions about reply and sur-reply briefs, and No. 16 indicates a judgment entry denying the motion to dismiss.  One document in the case file contains both docketing numbers, 15 and 16, and is the judgment entry pertaining to the motions about the reply and sur-reply briefs.  The judgment entry denying the motion to dismiss is not contained in the case file; however, by due diligence of this court, the denial was located on the online docket as a PDF.

{¶ 18} Appellant's motion to dismiss was filed pursuant to Civ.R. 12(B)(6).  Said rule permits dismissal for "failure to state a claim upon which relief can be granted."  Under this standard, a trial court is limited to a review of the four corners of the complaint; however, "[d]ocuments attached to or incorporated in the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). In considering the motion, a trial court "must accept as true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Valentine v. Cedar Fair, L.P.,* 6th Dist. Erie No. E-20-018, 2021-Ohio-2144, ¶ 22, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382.  In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6), "it must appear

beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶ 19} Our standard of review is de novo, and therefore this court "must review the issues independently of the trial court's decision." *Perrysburg Township v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44; *Mellion v. Akron City School District Board of Education,* Summit App. No. 23227, 2007-Ohio-242, ¶ 6. "We review the grant of the motion to dismiss afresh, again taking the factual allegations of the complaint as true and drawing all reasonable inferences in favor of [appellant]." *Habibi v. University of Toledo*, 10th Dist. Franklin No. 19AP-583, 2020-Ohio-766, ¶ 10.

{¶ 20} As explained by this court in *Wolff v. Dunning Motor Sales,* 5th Dist. Guernsey No. 20CA000011, 2021-Ohio-740, ¶ 34:

> A 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred. *Velotta v. Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982). To conclusively show that the action is time barred, the complaint must demonstrate both (1) the relevant statute of limitations, and (2) the absence of factors which would toll the statute, or make it inapplicable. *Tarry v. Fechko Excavating, Inc.* (Nov. 3, 1999), Lorain App. No. 98-CA-7180, unreported, 1999 WL 1037755, as quoted in *Helman v. EPL Prolong, Inc.,* 7th Dist. No. 98 CO 83, 139 Ohio App.3d 231, 2000-Ohio-2593, 743 N.E.2d 484.

{¶ 21} In their complaint, appellees alleged they learned in June 2018 appellant intended to keep the transferred assets, contrary to her prior statements made in August 2013 emails.  Appellant argued appellees knew or should have known of the transferred assets from the August 2013 emails.

{¶ 22} In its judgment entry denying the motion to dismiss, the trial court reviewed all of the claims, considered the four corners of the complaint, presumed all factual allegations in the complaint as true, and found "there exists a provable set of facts under which Plaintiffs would be entitled to relief."  In presuming all of the factual allegations in the complaint as true and making all reasonable inferences in favor of appellees, we agree with the trial court's analysis.  The complaint does not conclusively show on its face that the claims are barred by the statute of limitations.

{¶ 23} In support of her arguments that the judgment of the trial court on her "Motion to Dismiss must be reversed," appellant cites to trial testimony.  Appellant's Brief at 17.  Trial testimony is outside the four corners of the complaint and is irrelevant to a Civ.R. 12(B)(6) analysis.

{¶ 24} Assignment of Error I is denied.

II

{¶ 25} In her second assignment of error, appellant claims the trial court applied an incorrect burden when considering the inter vivos gifts.  We agree.

{¶ 26} Appellant argues in determining the conveyance of inter vivos gifts, the trial court incorrectly attributed to her the burden of "clear and convincing evidence" instead of "preponderance of the evidence."

{¶ 27} At issue are transfers made from decedent-mother to appellant-daughter. "There is a presumption that a transfer of assets to a family member is intended as a gift." *In re Estate of Workman,* 4th Dist. Lawrence No. 07CA39, 2008-Ohio-3351, ¶ 16, citing *Creed v. Lancaster Bank,* 1 Ohio St. 1 (1852), paragraph three of the syllabus. However, in this case, the asset transfers were made while appellant was acting as a fiduciary in her capacity as co-trustee and power of attorney for her mother.

{¶ 28} In *Family Services, Inc. v. Beebe,* 5th Dist. Stark No. 2000CA00176, 2000 WL 1751316 (Nov. 27, 2000), a son received a power of attorney from his father and then transferred some of his father's assets to his own children. The trial court determined the gifts were void because the son did not prove by clear and convincing evidence the gifts were inter vivos gifts. The son appealed, specifically challenging the trial court "requiring him to bear the burden of establishing by clear and convincing evidence inter vivos gifts were made." *Id.* at *2. In reversing the trial court's decision, this court found the following (*Id.*):

> Traditionally, the burden of establishing a gift has been made is on the donee by clear and convincing evidence. * * * [I]n cases in which family members are also in a fiduciary relationship, the family gift presumption, a presumption that the conveyance was intended as a gift, yields to the more specific presumption of undue influence which arises in fiduciary relationships. "Where a confidential or fiduciary relationship exists between a donor and donee, the transfer is looked upon with some suspicion that undue influence may have been brought to bear on the donor by the donee."

In such cases, a presumption of undue influence arises and the burden of going forward with evidence shifts to the donee to show his conduct was free of undue influence or fraud, and the donor acted voluntarily and with a full understanding of his act and its consequences. The donee may rebut the presumption of undue influence by a preponderance of the evidence. (Citations omitted.)

{¶ 29} This court went on to conclude the following (*Id.*):

It is apparent from the language in the judgment entry the trial court held appellant to the burden of proof traditionally born by a donee to establish an item conveyed was a gift, i.e., clear and convincing evidence. We find the trial court erred in doing so. The parties do not dispute the existence of a fiduciary relationship between appellant and his father. Accordingly, a presumption of undue influence arose as to all of the assets appellant alleges were conveyed as gifts. Appellant was required to rebut this presumption by a preponderance of the evidence. If the trial court found appellant presented sufficient evidence to overcome this presumption, the trial court should then have determined whether appellee, not appellant, presented clear and convincing evidence to rebut the family gift presumption. Because the trial court failed to apply the appropriate presumptions and burdens for overcoming those presumptions, we reverse the trial court's decision and remand the matter to the trial court.

{¶ 30} In its judgment entry, the trial court examined each contested gift and determined whether appellant met her burden of proving an inter vivos gift by clear and convincing evidence. The trial court did not discuss the family gift presumption nor the undue influence presumption. Because appellant and her mother shared a fiduciary relationship, a presumption of undue influence arose as to all of the assets appellant alleges were conveyed as gifts, and appellant was required to rebut this presumption by a preponderance of the evidence.

{¶ 31} Upon review, here, as in *Beebe* at *2, we find "the trial court failed to apply the appropriate presumptions and burdens for overcoming those presumptions."

{¶ 32} Assignment of Error II is granted.

### III, IV

{¶ 33} The third assignment of error challenges the trial court's determination on the fraud and conversion claims.

{¶ 34} The fourth assignment of error challenges the award of prejudgment interest.

{¶ 35} In light of our decision in Assignment of Error II, these assignments are premature.

{¶ 36} As in *Beebe,* the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division, is reversed, and the matter is remanded for a determination of whether appellant presented sufficient evidence to rebut the presumption of undue influence by a preponderance of the evidence and, if so determined, whether appellees presented clear and convincing evidence to rebut the family gift presumption.

By Wise, Earle, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/db